McKAY *v.* WASHOE GENERAL HOSPITAL ET AL.

No. 3052

July 6, 1934.                    33 P. (2d) 755.

*Harwood & Diskin,* for Appellant:

*Wm. McKnight*, for Respondents:

338

## OPINION

By the Court, COLEMAN, J.:

This action was instituted to recover damages in the sum of $25,000. The demurrer to the complaint was sustained, and, plaintiff declining to plead further, a judgment of dismissal was entered, from which an appeal has been taken.

Taking the view we do of this case, we do not deem it necessary to state all of the allegations of the complaint. Suffice to say that it avers that Washoe General Hospital was organized pursuant to chapter 169, Statutes 1929, and that the individual defendants are the trustees of the hospital; that the plaintiff, while a resident of Esmeralda County, Nevada, entered defendant hospital for care and treatment, pursuant to an agreement to pay therefor $4 per day, and had actually made a payment on account. It is further averred that it was, under the terms of said contract, the duty of defendants to furnish plaintiff with an experienced, competent, and skilled nurse to administer such medical attention to plaintiff as might be directed by her physician in the course of treatment to be given her, but, notwithstanding defendant's duty in this respect, they furnished plaintiff with a nurse who was incompetent, inexperienced, and unskilled, all of which was known to defendants, or in the exercise of reasonable care should have been known to them.

The plaintiff further alleges that, while being treated

and cared for, it was necessary that a liquid solution prescribed by her physician be administered to plaintiff's eye many times daily, and that it was the duty of the nurse furnished by defendant hospital to drop said liquid into her eye; that said nurse carelessly and recklessly dropped into the right eye of plaintiff a liquid not prescribed by plaintiff's physician, resulting in the complete and permanent destroying of the sight of her right eye, and seriously affecting the sight of her left eye, to her damage in the sum of $25,000.

The act referred to provides that any county in the state may establish a public hospital, and authorizes the method to be followed to attain that end. The act authorizes the levy of a tax for the establishing and maintenance of such hospital for a period of time not exceeding twenty years. It provides that the money raised from such levy shall be collected in the same manner as other taxes, and credited to the "Hospital Fund," and shall be paid out by the county treasurer on the order of the hospital trustees "for the purposes authorized by this act, and for no other purpose whatever"; and that the trustees shall in general carry out the spirit and intent of the act "in establishing and maintaining a county public hospital."

Section 9 of the act provides that every hospital established under the act shall be for the benefit of the inhabitants of such county and of any person falling sick or being injured or maimed within its limits, but that the board of hospital trustees may extend the privileges and use of such hospital to persons residing outside of such county, upon such terms and conditions as the trustees may prescribe; that every such inhabitant who is not a pauper shall pay a reasonable compensation for hospital services rendered, the receipts from such sources to be paid to the treasurer of said county and credited by him to the hospital fund.

Section 15 of the act provides that donations of real and personal property may be made for the benefit of such hospital, the title thereto to be vested in the county.

The defendant hospital is not a corporation, nor is it a voluntary association. The act in question does not authorize it or its trustees to sue or be sued.

The defendants filed a demurrer to the complaint upon several grounds, among which are: That it does not state a cause of action for various reasons; that the court has no jurisdiction over the defendant Washoe General Hospital; that said defendant has no legal capacity to be sued.

1. It is the well-recognized general rule that a county, which is but a political subdivision of a state (a quasi corporation, Schweiss v. First Judicial District Court, 23 Nev. 226, 45 P. 289, 34 L. R. A. 602), cannot be sued without legislative consent (15 C. J. 568; Story on Agency [9th Ed.] sec. 319.)

2. Counsel for plaintiff concedes the correctness of this general rule, but contends that the rule stated does not apply. It is contended that the establishment of defendant hospital was not mandatory, and that the accepting of the application of the plaintiff and caring for her was discretionary, and that no governmental function was involved in the treatment and care of her, hence the same rule of law applies to defendants as apply to an individual or corporation operating a hospital for profit; that the county commissioners of Washoe County and the county had nothing to do with the management or control of the institution, but a separate entity as provided by the legislative act was given the entire supervision, management, and control of the institution.

In support of the contention made by the plaintiff, our attention is directed to several cases, but chiefly to the case of Bell et al. v. City of Pittsburgh et al., 297 Pa. 185, 146 A. 567, 64 A. L. R. 1542. We do not think that case is in point. So far as appears, both the city of Pittsburgh and the county of Allegheny were capable of being sued, and the only question was one of liability. In the instant case, the question is whether the defendants can be sued at all.

The liability of an organization created by statute

must be determined under an interpretation of the statute creating it, and, though the defendant hospital was not created by a legislative act, it was organized pursuant to such an act, and we must look to the intention of the legislature in enacting the law authorizing the organization of defendant hospital, in reaching a conclusion in this case.

The act under which the defendant hospital was organized provides that "any county may establish a public hospital in the following manner." The act did not create a corporation, but merely authorized the respective counties to establish a hospital, and it did not provide that such hospital might sue or be sued. All moneys raised by taxation pursuant to the act are collected as other taxes are collected, and must be credited to the "Hospital Fund," and "shall be paid out on the order of the hospital trustees for the purposes authorized by this act, and for no other purpose whatever," and the title to all property donated for the benefit of such hospital shall vest in the county.

It seems to us that the intention of the legislature is perfectly plain, namely, to set up a public institution which should own no property, have no income and no method of raising money, and hence no ability to pay anything. Certainly it was not the legislative intent to make such an institution liable in damages for any act done in carrying out the purposes sought to be attained.

Furthermore, the failure of the legislature to provide that the defendant might sue and be sued is a conclusive reason why this action cannot be maintained.

Judgment affirmed.

### ON PETITION FOR REHEARING

·October 1, 1934.                     36 P. (2d) 78.

By the Court, COLEMAN, J.:

Appellant has filed an urgent petition for a rehearing, in which it is insisted, among other things, "that the respondent neither in the lower court nor in the brief

or oral argument before this court, at any time did not urge that the respondent was not a corporation, and for this reason no suit could be maintained against it."

As we pointed out in our opinion, the defendant demurred to the complaint in the lower court upon several grounds, among which was that the defendant has no legal capacity to be sued.

On page 21 of respondent's brief in this court we think it clearly appears that it was the theory that the respondent had no legal capacity to sue or be sued. Among other things, it is said: "The statute authorizing the creation of the Washoe County Public Hospital does not confer upon said hospital, or upon the trustees thereof, the power to sue or to be sued."

In our opinion we said: "In the instant case, the question is whether the defendants can be sued at all." That was the only question we undertook to determine.

We think we decided a question presented and one which disposed of the case, and that our conclusion was correct.

Petition denied.