GRACE BLOOM, APPELLANT, v. SOUTHERN NEVADA MEMORIAL HOSPITAL, THOMAS L. ADAMS, PARIS U. STEWART, JESSE WHIPPLE, W. E. BAKER, DOROTHY LAUNDERS, RESPONDENTS.

No. 3799

November 5, 1954.                    275 P.2d 885.

*George E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Roger D. Foley,* District Attorney, Clark County, for Respondents.

**OPINION**

By the Court, MERRILL, J.:

This is an appeal from order of the trial court dismissing the complaint of appellant as plaintiff below.

The sole question raised is whether respondent hospital is subject to suit for tort. The trial court ruled that it was not. This respondent is a public hospital established by Clark County pursuant to the authority of sec. 2225 et seq., N.C.L.1929, Supp. 1943–1949. The individual respondents are the elected hospital trustees and are sued in that capacity.

Appellant, as plaintiff, alleges in her complaint that while a patient at the hospital she suffered injury due to negligence of the hospital in maintaining defective equipment. She alleges that she was not an indigent patient but paid in full for all services rendered to her and equipment used by her at the hospital. She contends that the liability of a county hospital for tort depends upon whether, in the commission of the tort, the institution was engaged in a governmental or a proprietary function; that in providing services to her as a paying patient respondent hospital was engaged in a proprietary function and thus is liable.

We do not reach the questions posed by these contentions, however. The disposition of this matter does not depend upon the nature of the function performed by the hospital or whether, under the circumstances of this case, sovereign immunity from suit or from liability may be said to have been waived. It is thus unnecessary for us to discuss Cauble v. Beemer, 64 Nev. 77, 177 P.2d 677, or Granite Oil Co. v. Douglas County, 67 Nev. 388, 219 P.2d 191, 16 A.L.R.2d 1069, touching upon these questions.

It is settled law that county hospitals created pursuant to the cited statutory authority are without legal entity and for this reason are not subject to suit. McKay v. Washoe General Hospital, 55 Nev. 336, 33 P.2d 755, 756. In that case this court stated, "The act under which the defendant hospital was organized provides that 'any county may establish a public hospital in the following manner.' The act did not create a corporation, but merely authorized the respective counties to establish a hospital, and it did not provide that such hospital might

sue or be sued." See Granite Oil Co. v. Douglas County, supra, for a discussion of this decision.

Since the decision in the McKay case, sec. 2228, N.C.L. 1929, Supp. 1943–1949, dealing with the powers and duties of the hospital trustees, has been amended to empower the trustees "by proper legal action to collect claims due, owing and unpaid to said public hospital from any person dealing with the same * * *." This authority granted to the trustees does not, however, breathe corporate life into the institution they represent, or in any other manner provide it with independent entity.

Affirmed with costs.

EATHER, C. J., and BADT, J., concur.