EDDYE RAHE HUGHEY, Appellant, *v.* WASHOE
COUNTY, a Political Subdivision of the State
of Nevada; ERNEST KLEPPE, RAYMOND
CAPURRO and RAY PETERSON, Individually
and as Washoe County Commissioners; and
JAMES ROBISON, Respondents.

No. 3947

February 14, 1957.                     306 P.2d 1115.

*William L. Hammersmith* and *Ernest S. Brown,* of
Reno, for Appellant.

*A. Dyer Jensen,* District Attorney, Washoe County;
*Woodburn, Forman, Wedge, Blakey and Thompson,* of
Reno, for Respondents.

## OPINION

By the Court, Merrill, J.:

This is an action brought by appellant as plaintiff for

injuries allegedly caused by negligence. The injuries resulted from a fall which occurred in Washoe Medical Center and negligence causing the fall is charged by the appellant to respondent Robison, an employee at the Medical Center. The trial court ruled that, as a matter of law, Washoe County could not be held liable for torts committed by employees of the Medical Center, relying upon Bloom v. Southern Nevada Memorial Hospital, 70 Nev. 533, 275 P.2d 885, and McKay v. Washoe General Hospital, 55 Nev. 336, 33 P.2d 755, 36 P.2d 78. An order was entered dismissing the action as against the county for failure of the complaint to state a claim upon which relief could be granted. Rule 12(b) N.R.C.P. From that order this appeal is taken.

Washoe Medical Center is a public hospital established by Washoe County pursuant to the provisions of Chapter 450 NRS. In Bloom v. Southern Nevada Memorial Hospital and McKay v. Washoe General Hospital, supra, this court held that a hospital established pursuant to those statutory provisions is without legal entity and therefore not subject to suit. The sole question involved in this appeal is whether it follows from the holding in those cases that the county, likewise, is free from liability. (Freedom of the county from liability for any other reason is a question which has not yet been reached in these proceedings.)

It does not follow from the fact that the hospital is without independent legal entity that there is no public responsibility for torts committed by its employees. The hospital is a county institution established, owned, and supported by the county. The hospital having no entity apart from the county it must follow that the county is the party legally responsible for obligations of the hospital.

Respondent county contends that this cannot be true in this case since the control of the hospital, by statute, is vested in the elected hospital trustees and the county commissioners by statute are deprived of all power of management. It is contended that the doctrine of respondeat superior cannot apply under these circumstances.

That the county commissioners are without managerial control does not, however, deprive the county ·of representation or control, nor relieve it of liability. The hospital trustees are elected by the voters of the county. They are officers of the county, representative of the county and responsible to it within their limited sphere of authority to the same extent as are the county commissioners within their general sphere.

In Burridge v. Detroit, 117 Mich. 557, 76 N.W. 84, 42 L.R.A. 684, 72 Am.St.Rep. 582, the court considered municipal liability for negligent maintenance of a sidewalk. Maintenance of the sidewalk was in the exclusive control of the commissioner of parks and boulevards. The court stated, "This was a city agency and it is error to assume that because the control of the boulevard was vested in such a body rather than the common council the enterprise was any the less a city enterprise. The city may act through such agencies as the legislature directs." To the same effect, Barnes v. District of Columbia, 91 U.S. 540, 23 L.Ed. 440, S.C. 1, Otto, 540; Canon City v. Cox, 55 Colo. 264, 133 P. 1040; Bagley v. City of Philadelphia, 148 Pa.Super. 318, 25 A.2d 579; Norberg v. Hagna, 46 S. Dakota 568, 195 N.W. 438, 29 A.L.R. 841.

Reversed and remanded for further proceedings.

BADT, C. J., and EATHER, J., concur.