WILLIAM E. HART, III, APPELLANT, v. THE CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION, RESPONDENT.

No. 3946

February 25, 1957                    307 P.2d 617

*William Singleton, Charles W. Deaner,* and *Jack E. Butler,* of Las Vegas, for Appellant.

*Howard W. Cannon,* City Attorney, and *Ralston Hawkins,* Assistant City Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an action brought by appellant for abatement of nuisance and for damages. The trial court ordered dismissal of the action upon the ground that no claim had been filed with respondent city prior to suit and this appeal was taken. The sole question involved is whether in such a case as this the filing of a claim is a necessary condition precedent to action.

The nuisance as alleged in the complaint is an open ditch maintained by the city in connection with its sewage disposal plant. The ditch was stated to pass approximately 40 feet from the premises upon which appellant, as lessee, maintains a tavern, and 15 feet from his well. Appellant asserts that the ditch contaminates his water supply and fills the air with nauseously offensive odors to the detriment both of his own well-being and of his business.

The requirement for the filing of a claim before bringing of a suit is found in sec. 18 of the charter of the City of Las Vegas, 1955 Stats. Nev., Ch. 152, p. 208. This section provides in part: "No demand or account, arising out of contract, express or implied, shall be heard, considered, audited, approved, allowed or paid unless a

written notice thereof, duly authenticated, and in such form and containing such information relative to such demand or account as the board of commissioners shall prescribe, shall have been first presented to and filed with the city comptroller within six months from the time the last item of such demand or account shall have become due and payable; nor shall any claim, arising in tort, be heard, considered, audited, approved, allowed or paid unless a written notice thereof, duly authenticated, and in such form and containing such information relative to such claim as the board of commissioners shall prescribe, shall have been first presented to and filed with the city clerk within six months from the time the acts from which said claim arose shall have occurred."

Appellant first contends that this section has no application to an action for abatement of a nuisance since the section clearly applies only to demands for money. In this respect we agree with the position of appellant. In Champion v. Sessions, 1 Nev. 478, it was held that no claim need be filed where the relief sought was an injunction. The court stated (p. 482), "The law which declares 'no person shall sue a county in any case for any demand unless he or she shall first present his or her claim or demand to the board of county commissioners and county auditor for allowance' has reference only to money demands, a fact which is perfectly clear from the language of the act itself."

In this case, however, the complaint for abatement and injunctive relief has become moot, if not doubly moot. At the time of trial the record discloses that the ditch had been moved by the city to a point some 400 yards from the premises of appellant. Contamination of the water supply is not shown to be a continuing condition under these circumstances and evidence as to the continued existence of offensive odors at the appellant's establishment is far from satisfactory. More than this, by the time of hearing on appeal it was established that appellant had terminated his lease and left the premises

and that his interest in the location of the ditch had accordingly ceased to exist. We are left, then, with appellant's complaint for money damages.

Upon this point appellant contends that his claim for money damages is merely incidental to his claim for equitable relief; that since no claim need be filed as a condition to his suit in equity, no claim need be filed as a basis for the incidental money damages which a court in equity will allow as necessary to the granting of complete relief. Upon this proposition authority is divided, although it must be conceded that the weight of authority would appear to support appellant's contention. See Anno., 52 A.L.R. 639, 659.

A study of the authorities, however, leaves us in grave doubt as to the validity of the proposition that the money demand is but incidental to the equitable relief sought. It may be, as stated by some of the authorities, that the case involves but one cause of action, the subject being the nuisance. It does, nevertheless, seek a double remedy: damages as to the past, injunction as to the future. These rights do not exist in the alternative. They coexist. The independent nature of the remedies was suggested by this court in Champion v. Sessions, supra. "The relief sought by the plaintiff is not damages for an injury done, but an injunction to restrain the defendant from the commission of an illegal act which he alleges would result in irreparable injury * * * His object is to prevent the commission of a trespass, not to recover damages for one already committed."

While each remedy does relate to the cause of action we fail to see how it can be contended that of these two remedies one, as a matter of arbitrary rule, is incidental or subordinate to the other. We are not convinced by the argument that since an injunction is sought we are "in equity" and all remedies must be regarded as incidental to the equitable remedy. In these days when equity and law act in combination in one form of "civil action" (Rule 2, NRCP) this would seem to be placing too much significance upon equity's historic power to do full justice.

The charter of Las Vegas expressly provides that money claims or demands, whether arising in contract or tort, shall be filed with the city prior to suit. We see no good reason to exclude from the operation of this charter provision such a trespass as is involved here simply because complete relief requires the injunctive remedy as well as monetary compensation and because a single court in a single action can accomplish the full result.

Such was the view of the Michigan supreme court in Northrup v. City of Jackson, 273 Mich. 20, 262 N.W. 641, 643, where it was said, "We see no reason for emasculating the charter by construction in order to exempt a claim peculiarly within its purpose because plaintiffs made an election to ask damages in equity instead of suing at law. Had damages been awarded in lieu of abatement, or had there been no prayer for damages, but the court had allowed them in the exercise of its plenary equitable powers, a different question would be presented. We think the charter should be given force according to its language and purpose and exceptions permitted only upon sound distinctions."

Such was the view of the New York court of appeals in the early case of Knox v. The City of New York, 55 Barb. 404 (apparently ignored without comment in later New York cases) where it was said, "The fact that further relief of an equitable nature has also been demanded cannot have the effect of excluding from the operation of the statute that which would otherwise have been so plainly within it."

We conclude that the trial court was not in error in dismissing the action for money damages upon the ground that no demand had been filed as required by the charter of the city of Las Vegas.

Judgment affirmed.

BADT, C. J., and EATHER, J., concur.