RAYMOND E. TAYLOR, Appellant, *v.* THE STATE OF NEVADA AND THE UNIVERSITY OF NEVADA, Respondents.

No. 3950

May 27, 1957                                         311 P.2d 733

*Stewart & Horton,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City; *Vargas, Dillon & Bartlett* and *Alex A. Garroway,* of Reno, for Respondents.

**OPINION**

By the Court, MERRILL, J.:

This is an action for personal injuries resulting from negligence. The appeal is taken by the plaintiff below from judgment of the trial court dismissing his action against the State of Nevada and the University of Nevada for failure of the complaint to state a claim upon which relief might be granted. The basis of the court's action was the failure of the complaint to plead a waiver of sovereign immunity from suit.

The complaint alleged "That the defendants, the State of Nevada and University of Nevada, have waived their immunity from suit for the cause herein set forth." The trial court held this allegation insufficient, relying upon the general rule that waiver is a conclusion of law and that the facts from which the conclusion flows must be pleaded. See 120 A.L.R. 124. Appellant contends that this rule should not apply under NRCP Rule 8 which provides that no technical forms of pleading are required but only "a short and plain statement of the claim."

It is true that the pleading of conclusions, either of fact or of law, is sufficient under NRCP, provided the allegation is sufficiently definite to give "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." 1 Barron & Holtzoff Fed.Pra.&Proc. 432, sec. 255. Even

under the simplified form of pleading provided by the rules this allegation of waiver is insufficient. It wholly fails to give notice of the nature of the claimed waiver or of the issues which may be involved in its litigation. Without knowledge of the basis for the plaintiff's conclusion defendants are wholly unable to admit or deny it intelligently or conscientiously. We conclude that it was not error to hold the complaint deficient.

Appellant contends that the trial court improperly dismissed the action without granting leave to amend. It appears that the factual basis for the plaintiff's conclusion of waiver was made known to the trial court and was regarded by it as insufficient in law to constitute waiver. That basis was as follows: that defendants had obtained insurance against loss due to injuries suffered in the manner complained of; that such insurance was purchased from funds appropriated by the Nevada state legislature in response to a request for such funds made by defendants and was in force at the time the injuries were suffered. The question thus is posed whether the purchase of indemnifying insurance by a state agency with funds provided by the state legislature can be held to constitute a waiver of governmental immunity at least to the extent of the insurance coverage. In our view it cannot.

Sovereign immunity from suit based upon the ancient concept that the king can do no wrong has been severely criticized by the courts as an outmoded and unjust rule. The criticism may well be warranted. See Gurley v. Brown, 65 Nev. 245, 250; 193 P.2d 693, 695. It is not within the power of the courts, however, to strip the sovereign of its armour. Gurley v. Brown, supra. Nor can it be said to lie within the power of individual officers or heads of governmental departments. It is the legislature alone which has the power to waive immunity or to authorize such waiver. If the waiver is not express the implication of waiver must flow with reasonable and persuasive clarity from legislative act. Cf. Hill

v. Thomas, 70 Nev. 389, 270 P.2d 179. In Jones v. Scofield Bros., Inc. (State Roads Commission), D.C., 73 F.Supp. 395, 398, the court said "The effect of indemnifying insurance taken out by state agencies * * * not otherwise liable in tort suits, has been discussed in some cases. The generally prevailing view seems to be that its mere existence is not sufficient to create liability in tort unless the legislative enactments creating the agency * * * considered as a whole, lead to the conclusion that it was the intention of the legislature to impose such liability on the agency * * *." We may note, as have other courts, that it is one thing for an agency to provide a measure of public protection through the insuring of its agents and employees against liability for tort. It is quite another thing to expose the sovereign itself to liability.

The mere appropriation of funds for a state agency cannot constitute legislative ratification of all that the agency may choose to purchase. Even when the appropriation is based upon a request in the form of a budget, approval could hardly be implied as to all specific items of the budget unless the request was granted without reduction. Even where so granted, unless the request for funds for the purchase of insurance showed an intent to insure against a liability from which the state is immune, no legislative authorization to waive immunity could reasonably be implied. We can take note of the fact that these conditions are not met in the normal course of budget and appropriation and in the absence of specification to the contrary the normal course must be assumed to have been followed. Legislative appropriation of funds in the normal course is not, then, sufficient in law to constitute an authorization of waiver of governmental immunity from suit.

Under the circumstances no abuse of discretion has been shown through failure of the trial court to grant leave to amend the complaint.

Judgment affirmed.

BADT, C. J., and EATHER, J., concur.