ROSE HARDGRAVE, APPELLANT, *v.* THE STATE OF NEVADA, ON THE RELATION OF THE STATE HIGHWAY DEPARTMENT, RESPONDENT.

No. 4660

February 17, 1964                    389 P.2d 249

*Nada Novakovich,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *Gabe Hoffenberg,* Chief Deputy Attorney General, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

Hardgrave's complaint alleges in substance that the State allowed State Highway Route 28 to be negligently constructed and as a result insufficient drainage was provided; that the State assumed control of and responsibility for the condition of said highway and the duty of keeping the same in a safe condition for ordinary travel; that the State negligently permitted ice which had accumulated on the highway to remain thereon; that the State knew or had reason to know of the slippery, icy, unsafe, and dangerous condition of the highway. "That on the 16th day of January, while standing on the shoulder of said highway and off of said highway, plaintiff was struck and thrown a distance of approximately thirty (30) feet by an automobile being then and there driven by one Robert E. Forte which automobile was caused to skid by reason of and as a direct and proximate result of the ice on said highway." Hardgrave sustained personal injuries and seeks damages therefor.

Pursuant to NRCP 12(b) the State moved to dismiss the action for failure of the complaint to state a claim upon which relief can be granted, in that the State cannot be sued without its consent, that consent has not been given, and that the State has in no manner waived its sovereign immunity so as to permit this action to be brought against it.

The motion to dismiss was granted and this appeal is from the order of dismissal.

In Rice v. Clark County, 79 Nev. 253, 382 P.2d 605, we refused to allow a county to assert the defense of sovereign immunity so as to relieve it from liability for negligence in operation of roads. In that case we stated: "We hold merely that sovereign immunity does not extend to counties so as to relieve them for their negligent operation of roads." The use of the word "extend" implies that there is some sort of sovereign immunity. We are now asked to determine whether the State under the doctrine is immune from liability for its negligent operation of roads.

Nev. Const. art. 4, § 22, provides: *"Suit against state.* Provision may be made by general law for bringing suit against the State as to all liabilities originating after the adoption of this Constitution."

Gurley v. Brown, 65 Nev. 245, 193 P.2d 693, concerned the liability of the members of the city council as individuals for negligence while performing a governmental function. This court there stated (65 Nev. at page 250, 193 P.2d at page 695) : "Conceding that the immunity of the state and its political subdivisions often results in injustice and leaves an injured person without right of redress, it is too strongly ingrafted in our jurisprudence to be questioned at this time, except in those cases in which the immunity is waived. The State of Nevada has never waived such immunity * * *."

Hill v. Thomas, 70 Nev. 389, 270 P.2d 179, also recognized that the State was immune from suit except in those cases in which the immunity is waived, and held that the legislature in enacting the bond trust fund act of 1937 by implication waived the State's immunity and has given consent to suit against it. But as stated in that case, its consent to suit against it is on official bonds only. By virtue of the bond trust act the State of Nevada has become surety on all official bonds in this state.

This complaint does not purport to be an action on any official bond. The State is not herein being sued in

the capacity of a surety on a bond.[1] Appellant argues however that the State, by the enactment of the bond trust act, has waived its general immunity to suit. In enacting this act the legislature merely intended to subject the state and the bond trust fund to the same obligations as surety as had theretofore been imposed upon private sureties. Its waiver of immunity went no further. Hill v. Thomas, supra.

Appellant contends that even if the state bond trust fund act does not in itself constitute a general waiver of state immunity from suit, the State now can be sued by reason of the "law" established by our decision in Rice v. Clark County, supra. This, she maintains is the type of "general law" referred to in Nev. Const. art. 4, § 22.

As heretofore stated the decision in that case holds only that sovereign immunity does not extend to counties so as to relieve them from their negligent operation of roads. It established no "general law" with respect to the liability of the State. Moreover all of Article 4 pertains to the legislative department. Sections 20 and 21 thereof relate to special and general laws. We construe the words "general law" as used in Section 22 to mean a general law passed by the legislature.

In Muskopf v. Corning Hospital District, 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457, the action was against a hospital district. The California Supreme Court would not permit the defense of governmental immunity to stand, but it was expressly noted therein that "[t]he rule of county or local district immunity did not originate with the concept of sovereign immunity." The Nevada Constitution recognizes that concept when it provides that provision may be made by general law for bringing suit against the state. Although California has a similar constitutional provision, the court in

---

[1]The assignment by appellant in her opening brief that the court erred in denying her motion to amend her complaint so as to join as a party defendant the state highway engineer is rejected for the reason that the record before us, designated as it was by appellant, contains nothing with reference to any such motion.

Muskopf held that it "provides merely for a legislative consent to suit." If that is what it means, the obvious implication is that without such a consent the sovereign cannot be sued. Furthermore the legislative consent to sue was present in Muskopf.

In Rice v. Clark County, supra, the applicability of Article 4, § 22, to the facts of that case was neither raised nor was the question raised whether the legislature in its enactment of NRS 244.245 and 244.250, statutes which provide the conditions for filing suits against a county, constituted a waiver of any immunity a county might otherwise have had.

The action of the trial court in granting the motion to dismiss was proper.

Affirmed.

BADT, C. J., concurs.

THOMPSON, J., dissenting:

The appeal involves the rule of governmental immunity from tort liability. The claimant (appellant) asks that we abolish the doctrine by judicial act, asserting all of the reasons expressed in Muskopf v. Corning Hospital District, 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457, and particularly relying upon the recent decision of this court in Rice v. Clark County, 79 Nev. 253, 382 P.2d 605. The state's (respondent's) opposing view is founded on two premises. Initially it argues that Nev. Const. art. 4, § 22 ("Provision may be made by general law for bringing suit against the state as to all liabilities originating after the adoption of this constitution.") precludes a judicial abrogation of the immunity doctrine and, second, it contends that the principle of stare decisis should control in a suit against the state. Taylor v. State and Univ., 73 Nev. 151, 311 P.2d 733; Hill v. Thomas, 70 Nev. 389, 270 P.2d 179.

It seems to me that the rule of governmental immunity from tort liability should be abolished in this state once and for all. In expressing this view, I am cognizant of the need to practice judicial restraint in areas reserved for legislative control. However, for the reasons

hereinafter stated, I do not believe that the constitutional provision was intended to, nor does it, preclude judicial intervention in this area. Nor should stare decisis give us concern when the rule of law under consideration is out of step with the society in which we live. The desire for predictability in the law (which is, perhaps, the best reason for a judicial decision to be controlled by precedent) must, in this instance, bow to the reasonable demand that injured people be given an equal opportunity to ask for and receive justice in our courts without penalty due to the tortfeasor's identity.

Adherence to stare decisis in dealing with the immunity of the state and its political subdivisions is a tribute to confusion and not to certainty. Many proofs are available. Hill v. Thomas, supra, held that the enactment of the bond trust fund act was an implied consent by the state to suit. The claimant was, therefore, not precluded from suing the state as surety on an official bond given for his benefit. Yet, in Taylor v. State and Univ., supra, appropriation of money to the University, some of it being used to purchase liability insurance, was deemed not to be an implied consent to suit. There the claimant was barred. It strikes one as strange that the state may be liable if there is a surety bond to indemnify the plaintiff, but immune if there is merely an insurance policy purchased expressly for his benefit.

The pattern of inconsistency is quite noticeable in the court's treatment of the public road cases. A city, having exclusive control of its streets, may be liable for the breach of a common law duty to make them safe for travel, if the legislative act (city charter) does not expressly exempt the city from liability. Pardini v. City of Reno, 50 Nev. 392, 263 P. 768; McDonough v. The Mayor and Aldermen of Virginia City, 6 Nev. 90; Barnes v. City of Carson, 33 Nev. 17, 110 P. 3. Recently, liability was extended to embrace the county. Rice v. Clark County, 79 Nev. 253, 382 P.2d 605. The majority opinion in today's case precludes state liability. The rule of governmental immunity from tort liability, and the concept of a governmental (as distinguished from a proprietary) function is involved whether suit be

brought against city, county or state. The rule was not discussed in the city cases cited; it was rejected in Rice v. Clark County, supra, and allowed to intervene and control today's case.

Particularly puzzling is the scope of a county hospital's liability in tort. McKay v. Washoe General Hospital, 55 Nev. 336, 33 P.2d 755, 36 P.2d 78, and Bloom v. So. Nev. Hospital, 70 Nev. 533, 275 P.2d 885, tell us that county hospitals, created pursuant to state statute, are without legal entity and not subject to suit. McKay v. Washoe General Hospital, supra, did not mention the immunity defense. Bloom v. So. Nev. Hospital, supra, did, but found it unnecessary to decide the point. Then, in 1957 Hughey v. Washoe County, 73 Nev. 22, 23, 306 P.2d 1115, came before the court. It was a tort action by one who had fallen in the county hospital. Relying on McKay v. Washoe General Hospital, supra, and Bloom v. So. Nev. Hospital, supra, the trial court dismissed the case. The Supreme Court of Nevada reversed. It held that the suit could be maintained against the county, even though not maintainable against the hospital. Again, the court did not reach the immunity question, stating, "Freedom of the county from liability for any other reason is a question which has not yet been reached in these proceedings." Placing these cases side by side for study is a rare experience. By statute the exclusive control of the hospital is vested in its board of trustees. It cannot be sued. However, the county which has no control over the hospital operation may be sued! One can only speculate as to what might have occurred had the Hughey v. Washoe County case, supra, come before the court a second time on the issue of governmental immunity as a defense.

The cases which I have mentioned, together with Gurley v. Brown, 65 Nev. 245, 193 P.2d 693, and Granite Oil v. Douglas County, 67 Nev. 388, 219 P.2d 191, 16 A.L.R.2d 1069, constitute the precedent in Nevada. There may be one or two that I have not found. It is most difficult, if not impossible, to square the results of the decided cases in this area of the law. It appears that "adherence to precedent" is a lame reason for requesting an affirmance in this case.

I turn now to discuss art. 4, § 22 of the Nev. Const. The constitution refers to "suits against the state." It should have equal application to a suit against a county. It is a political subdivision of the state, exercising only those powers granted by its parent. Yet, neither Rice v. Clark County, supra, nor Granite Oil v. Douglas County, supra, discussed the point, perhaps because it was not raised. Rice v. Clark County, supra, concerned county liability in the performance of a governmental function, the maintenance of a county road. Granite Oil v. Douglas County, supra, involved the county's liability acting proprietarily in the operation of an airport. Suit was allowed in each instance. If the constitutional provision has the substantive significance given it in Hill v. Thomas, supra, Taylor v. State and Univ., supra, and the case at hand, it is exceedingly difficult to reconcile the results of these decisions with those reached in the county cases. I believe that the constitutional provision must have a different meaning and purpose.

As I read it, that provision does not itself create an immunity from suit. It does no more than permit the legislature to prescribe a procedure for suit. Perhaps there are situations (budgeting, investigation) concerning which the legislature would desire to have specific procedural requirements in addition to those involved in an ordinary action at law. If the legislature chooses to impose such additional requirements, the constitutional mandate is that they have general application throughout the state and not be of a local nature. Indeed, the legislature has, by general law, established additional procedural requirements for an action against a city (NRS 268.020; Hart v. City of Las Vegas, 73 Nev. 29, 307 P.2d 617; City of Reno v. Fields, 69 Nev. 300, 250 P.2d 140) or a county (NRS 244.245, 244.250; Rice v. Clark County, supra), which requirements are applicable to a claim for damages sounding in tort. And, of course, the legislature has passed a general law designating the procedure to be followed in a suit against the state for services or advances (NRS 41.010–41.030).

Notwithstanding the legislative enactment of a general law establishing the additional procedural requirements for suit, the *defense* of governmental immunity

has invariably been raised by a political subdivision when sued in tort, thus illustrating quite plainly that the immunity rule is not related to the constitutional section under consideration. Rice v. Clark County, supra; Granite Oil v. Douglas County, supra. It therefore seems to me that the defense of sovereign immunity is not to be found in Nev. Const. art. 4, § 22. As stated by way of dictum in Muskopf v. Corning Hospital District, 55 Cal.2d 211, 217, 11 Cal.Rptr. 89, 92, 359 P.2d 457, 460, while passing comment upon a similar provision of the California constitution, "If the section has any substantive significance it would appear to be a waiver of immunity. On its face it seems to say that the state may be held liable when suits are brought against it in accordance with a legislatively prescribed procedure." The defense of governmental immunity from tort liability is a relic of the common law quite unrelated to the constitutional provision in question. Having been judicially created, it may be judicially abolished. Rice v. Clark County, supra.

The majority opinion in Rice v. Clark County, supra, did not mention the earlier cases of McKay v. Washoe General Hospital, supra; Gurley v. Brown, supra; Hill v. Thomas, supra; and Taylor v. State and Univ., supra. Each of them contained pointed language to the effect that the legislature alone has the power to waive immunity. Though none of those cases were suits against the county, I nonetheless can only read Rice v. Clark County, supra, as overruling by necessary implication the earlier expressions contained in those opinions. I can find neither rhyme, reason nor consistency, if a different meaning is given the Rice v. Clark County opinion, supra.

It is, of course, true that the legislature has not executed its constitutional authority to prescribe the procedure for a tort action against the state. However, that phase of the total problem of immunity presented no difficulty to the court in deciding Hill v. Thomas, supra. There the suit was against the state as surety on an official bond given under the bond trust fund act. The court read art. 4, § 22 of the constitution to mean that

the state must consent to suit before one may be maintained (which construction is contrary to mine). It held that, by enacting the bond trust fund act, the state had *by implication* (not expressly) consented to suit. It is of importance to note, however, that the bond trust fund act did *not* provide a procedure for suit against the state. As to this aspect of the case, the court said [70 Nev. 389, 400, 270 P.2d 179, 184], "It should not be said, however, that failure to provide a specific procedure results in depriving such person of his right to recover. The procedure theretofore existing was resort to the courts by an action at law." So it is in this case. The absence of a specific procedure for processing a tort claim against the state will not preclude a claimant from court relief.[1]

For the reasons mentioned, I conclude:

1. Nev. Const. art. 4, § 22, applies not only to suits against the state, but also to suits against its political subdivisions.

2. Nev. Const. art. 4, § 22, neither creates governmental immunity from tort liability, nor requires a consent to suit. It merely grants permissive authority to the legislature to prescribe additional procedural requirements for suit, if done by a statute having general application throughout the state.

3. The failure of the legislature to designate the procedure for a suit in tort against the state does not preclude court relief.

4. Governmental immunity from tort liability is a relic of the common law, judicially created, and may be judicially abolished.

5. That the recent decision in Rice v. Clark County, supra, by necessary implication, overruled prior opinions

---

[1]There appears to be no statute or rule designating who shall be served with process in a suit against the state, other than in an action for services or advances authorized by law. NRS 41.010. NRCP 4(d)(5) expressly provides for service of process in an action against a county, city or town. The state is not mentioned. This point was not raised in either Hill v. Thomas, supra, or in the case before us. In each instance the state appeared generally, pleading governmental immunity as an affirmative defense.

sustaining the defense of governmental immunity and should be followed here.

I would reverse the ruling below and permit the case to be tried on its merits.