MARGARET TURNER, as Legal Guardian of LIONEL
EUGENE HOLLINS, YOLANDA K. HOLLINS and
MARVAR ADAMS, Appellant, v. JACK STAGGS,
DR. H. Q. ADAMS and CLARK COUNTY, Respondents.

No. 6770

June 6, 1973                          510 P.2d 879

[Rehearing denied June 25, 1973]

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Beckley, DeLanoy & Jemison,* of Las Vegas, for Respondents Jack Staggs and Clark County.

*James F. Pico,* of Las Vegas, for Respondent Dr. H. Q.
Adams.

## OPINION

By the Court, BATJER, J.:

On October 1, 1966, Barbara Adams was admitted to the Southern Nevada Memorial Hospital with a chronic kidney infection and hypertensive cardiovascular disease, and she was discharged on October 14, 1966. She was readmitted and again discharged November 14, 1966, with the understanding that she would be transferred to Los Angeles, California, for further treatment. Three days later she became ill and died while being transported by ambulance to the hospital. James Y. Clarke, M.D., who performed the postmortem examination, diagnosed the immediate cause of death to be pulmonary edema and congestion due to probable acute renal insufficiency with uremia and electrolyte imbalance.

A claim was filed on behalf of the minor children of Barbara Adams with the Board of County Commissioners of Clark County, Nevada, on November 2, 1967. After rejection of the claim a complaint was filed on December 21, 1967, by Margaret Turner, as legal guardian for the minors[1] against the Clark County Board of Commissioners, Southern Nevada Memorial Hospital,[2] Jack Staggs, Administrator thereof, Clark

---

[1] In her answer to interrogatories subscribed and sworn to on February 23, 1968, and filed in this action on February 25, 1968, Margaret Turner alleges that she was appointed the legal guardian of the minors by the Eighth Judicial District Court; however, this court finds nothing in the record before it to verify that allegation.

[2] This court has held that county hospitals, established pursuant to statutory authority [NRS 450.010 et seq.], are without legal entity, and thus not subject to suit for tort. Bloom v. So. Nev. Hospital, 70 Nev. 533, 275 P.2d 885 (1954); McKay v. Washoe General Hospital, 55 Nev. 336, 33 P.2d 755 (1934). Thus, the dismissal of Southern Nevada Memorial Hospital from the suit appears to have been mandated by this court's prior decisions.

County and Dr. H. Q. Adams, for the wrongful death of Barbara Adams.

The cause of action against the board of county commissioners in their individual capacity was dismissed by summary judgment dated January 13, 1970, and no appeal has been taken from that judgment. The complaint against Clark County was dismissed on motion for summary judgment on August 6, 1971, for failure to present a timely claim pursuant to NRS 244.245 and NRS 244.250.[3] See also, NRS 41.031 and NRS 41.036. On August 25, 1971, the complaint against Jack Staggs was dismissed pursuant to NRCP 41(b). A trial was held on the alleged malpractice of Dr. H. Q. Adams and the jury returned a defense verdict.

In this appeal it is contended that the district court erred (1) in granting summary judgment in favor of Clark County and its hospital; (2) in dismissing the complaint against Jack Staggs as administrator of Southern Nevada Memorial Hospital;[4] and (3) in giving certain instructions to the jury.

1. We cannot consider issues 2 and 3 because we have not been favored with a transcript of the proceedings in the district court, nor has the appellant submitted a settled and approved statement of the evidence or proceedings. NRCP 75(n).

2. We direct our attention to the summary judgment. The

[3]NRS 244.245: "1. No person shall sue a county in any case for any demand, unless he shall first present his claim or demand to the board of county commissioners and the county auditor for allowance and approval, and if they fail or refuse to allow the same, or some part thereof, the person feeling aggrieved may sue the county.

"2. If the party suing recover in the action more than the board allowed, or offered to allow, the board and the county auditor shall allow the amount of the judgment and costs as a just claim against the county. If the party suing shall not recover more than the board and the county auditor shall have offered to allow him, then costs shall be recovered against him by the county, and may be deducted from the demand."

NRS 244.250: "1. All unaudited claims or accounts against any county shall be presented to the board of county commissioners within 6 months from the time such claims or accounts become due or payable.

"2. No claim or account against any county shall be audited, allowed or paid by the board of county commissioners, or any other officer of the county, unless the provisions of subsection 1 are strictly complied with."

[4]In Hughey v. Washoe County, 73 Nev. 22, 306 P.2d 1115 (1957), this court held that a county is the party legally responsible for the obligations of a county hospital. Under the doctrine of respondeat superior, it would appear that d'smissal of the complaint against Jack Staggs, Administrator of the Southern Nevada Memorial Hospital, was proper.

claim against Clark County was not filed until 13 months had elapsed after the death of Barbara Adams. NRS 244.250 requires that a claim against a county must be filed within 6 months after a cause of action arises.

In Barney v. County of Clark, 80 Nev. 104, 389 P.2d 392 (1964), this court held that the timely filing of a claim was a condition precedent to the commencement of an action against a county. *Barney* relied upon the reasoning in Artukovich v. Astendorf, 131 P.2d 831 (Cal. 1942). Artukovich in turn relied in part on the principle that neither the state nor any of its political subdivisions may be sued in the absence of specific statutory permission. In 1965 the State of Nevada, acting through its legislature, waived its immunity from liability and action and consented to have its liability determined in accordance with the same rules of law as are applied to civil actions against individuals and corporations. Stats. of Nev. 1965, ch. 505, p. 1413, codified as NRS 41.031. Furthermore the enactment placed all political subdivisions in a similar position. NRS 41.031.[5]

The requirement of giving notice presupposes the existence of an individual capable of giving it. McCrary v. City of Odessa, 482 S.W.2d 151 (Tex. 1972). To hold otherwise would be to disregard reality. Cf. Walgreen Co. v. Industrial Commission, 153 N.E. 831 (Ill. 1926); Lineberry v. Town of Mebane, 13 S.E.2d 429 (N.C. 1941). NRS 244.245 contains no provision for the filing of a claim by anyone other than the claimant. At the time of their mother's death the minor children were between the ages of 5 and 13 years. In many jurisdictions children of tender years, because they are powerless to

---

[5]NRS 41.031: "The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against individuals and corporations, except as otherwise provided in NRS 41.032 to 41.038, inclusive, provided the claimant complies with the limitations of NRS 41.032 to 41.036, inclusive, or the limitations of NRS 41.010. *The State* of Nevada further *waives the immunity from liability and action of all political subdivisions of the state,* and their liability shall be determined in the same manner, except as otherwise provided in NRS 41.032 to 41.036, inclusive, provided the claimant complies with the limitations of NRS 41.032 to 41.036, inclusive. *An action may be brought* under this section *against* the State of Nevada, any agency of the state, or *any political subdivision of the state*. In an action against the state or any agency of the state, the State of Nevada shall be named as defendant, and the summons shall be served upon the secretary of state." [Emphasis added.]

act, have been excused from compliance with notice provisions. Simpson v. City of Abilene, 388 S.W.2d 760 (Tex.Civ. App. 1965), (7 years old). See also, City of Barnesville v. Powell, 183 S.E.2d 55 (Ga.App. 1971), (4 years old); McDonald v. City of Spring Valley, 120 N.E. 476 (Ill. 1918), (7 years old); Lazich v. Belanger, 105 P.2d 738 (Mont. 1940), (7 years old); Murphy v. Village of Ft. Edward, 107 N.E. 716 (N.Y. 1915), (5 years old); Webster v. City of Charlotte, 22 S.E.2d 900 (N.C. 1942), (8 years old); 18 E. McQuillin, The Law of Municipal Corporations § 53.159 (3rd rev. ed. 1963).

We could conclude that minority alone will excuse compliance with the notice requirements of NRS 244.245 and NRS 244.250 (City of Houston v. Bergstrom, 468 S.W.2d 588 (Tex.Civ.App. 1971); McCrary v. City of Odessa, supra; Grubaugh v. City of St. Johns, 180 N.W.2d 778 (Mich. 1970)) and dispose of this case upon the ground that the notice requirements of our claim statutes violate the rights of these minors to due process guaranteed by the Fourteenth Amendment of the United States Constitution. However, we believe that the notice of claim requirements found in NRS 244.245 and NRS 244.250 as applied to governmental torts deny equal protection guaranteed by the United States Constitution.[6]

Within our present scheme of government, claim statutes serve no real beneficial use (Grubaugh v. City of St. Johns, supra) but they are indeed a trap for the unwary. NRS 41.038(1). If we follow *Barney,* the minor's cause of action will be barred. They will be precluded from enforcing a liability created by statute for their benefit. Such construction of NRS 244.245 creates invidious discrimination and amounts to a denial of due process and equal protection of the law.

The court in *Artukovich* claims to have been following the "great weight of authority," and that may have been true in 1942, but since then, many jurisdictions have limited or abandoned the doctrine of sovereign immunity, either by legislative enactments or judicial decisions. Likewise, claim statutes have been found to violate the equal protection provision of

---

[6]The question of constitutionality of the claim statute was not properly raised before this court, and had not been ruled upon below. After the question was urged in oral argument we remanded the case to the trial court for a decision on that issue. The briefs filed on remand did not convince the lower court that Barney v. County of Clark, supra, need be reviewed as to that point. We deem otherwise.

the Fourteenth Amendment of the United States Constitution and have been declared unconstitutional. Reich v. State Highway Department, 194 N.W.2d 700 (Mich. 1972); Friedman v. Farmington Township School District, 198 N.W.2d 785 (Mich.App. 1972); Crook v. Patterson, 201 N.W.2d 676 (Mich.App. 1972).

The stated object of NRS 41.031 is to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on an equal footing with private tort-feasors. However, the notice provisions of NRS 244.245 and NRS 244.250 have the effect of arbitrarily dividing all tort-feasors into classes of tort-feasors: (1) private tort-feasors to whom no notice of claim is owed and (2) governmental tort-feasors to whom notice is owed.

In Reich v. State Highway Dept., supra, the Michigan Supreme Court said: "This diverse treatment of members of a class along the lines of governmental or private tort-feasors bears no reasonable relationship under today's circumstances to the recognized purpose of the act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection.

"Just as the notice requirement by its operation divides the natural class of negligent tort-feasors, so too the natural class of victims of negligent conduct is also arbitrarily split into two subclasses; victims of governmental negligence who must meet requirement, and victims of private negligence who are subject to no such requirement." 194 N.W.2d at 702.

Contrary to the mandate of Art. 8, § 5 of the Nevada Constitution[7] and the intention of the legislature to place victims of negligent conduct on equal footing (NRS 41.031), failure to give the 6 month statutory notice arbitrarily bars the victims of governmental tort while the victims of private tort suffer no such bar.

Such arbitrary treatment clearly violates the equal protection guarantees of the United States Constitution. See Art. 1, § 2, Nevada Constitution.

The statutory provisions of this state which provide that no

[7]In Lincoln County v. Luning, 133 U.S. 529, 531 (1890), the High Court, specifically referring to Art. 8, § 5, of the Nevada Constitution, held: "[T]hat this section is not to be limited to private corporations is evident not alone from the generality of its language and from the title of the article, but also from several sections therein in which municipal corporations are expressly named."

person shall sue a governmental entity of this state for a demand arising out of governmental tort unless he first presents a claim within 6 months from the time such tort occurred are void and of no effect.

The judgment of the district court dismissing the complaint against Clark County is reversed and the cause is remanded for further proceedings.

The judgment dismissing the complaint against Jack Staggs and the judgment entered in favor of Dr. H. Q. Adams, pursuant to a jury verdict, are affirmed.

GUNDERSON, J., concurs.

ZENOFF, J., concurring:

I agree with Justices Batjer and Gunderson that the questioned statute is unconstitutional. I add, however, my additional thoughts for I believe that we can consider this case and reach the same result for the further reasons stated. For the purpose of these stated reasons I respectfully recite the facts in my own manner in order to provide the posture which will be explained.

A complaint was filed December 21, 1967 against the Clark County Commissioners, Southern Nevada Memorial Hospital, Jack Staggs, Administrator thereof, and Dr. H. Q. Adams, for the wrongful death of one Barbara Adams, mother of the real minor plaintiffs by their legal guardian.

Barbara Adams was admitted to the hospital on October 1, 1966 with chronic kidney infection and hypertensive cardiovascular disease; she was discharged on October 14, 1966. A second time she was admitted; she was discharged November 14, 1966 in an improved condition with the understanding that she would be transferred to Los Angeles for further treatment. Three days later she became ill and died while being transported by ambulance to the hospital. The postmortem examination by Dr. Clarke attributed the immediate cause of death to be pulmonary edema and congestion due to probable acute renal insufficiency with uremia and electrolyte imbalance. Barbara was pronounced dead on arrival at the hospital on November 17, 1966.

A claim was filed on behalf of the minor children of Barbara with the appropriate county board on November 2, 1967. After rejection, a civil action against the respondents and others was commenced on December 21, 1967.

The claim against the county commissioners in their individual capacity was dismissed by summary judgment dated January 13, 1970 and the action against Clark County was

dismissed on motion for summary judgment on August 6, 1971 for failure to present a timely claim pursuant to NRS 244.245 and NRS 244.250.[1] On August 25, 1971, a dismissal pursuant to NRCP 41(b) was entered as to Jack Staggs. A trial was had as to the alleged malpractice of Dr. H. Q. Adams wherein the jury returned a defense verdict.

Three main issues were raised for my consideration.[2]

1. Did the court err in granting summary judgment as to Clark County and its hospital?

2. Did the court err in dismissing the claim against Jack Staggs as Administrator of Nevada Southern Memorial Hospital?

3. Did the court err in giving certain instructions to the jury?

We have no transcript presented to us, thus I cannot consider Issues 2 and 3. The central issue now is directed to the first point.

1. I glean from this record that the deceased was black, sick and impoverished when she died leaving three children in their early minority. The claim against the county and the hospital was not filed for 13 months after her death. NRS 244.250 requires that a claim against a county must be filed within 6

---

[1]244.245 Condition precedent to suit against county for claim.

1. No person shall sue a county in any case for any demand, unless he shall first present his claim or demand to the board of county commissioners and the county auditor for allowance and approval, and if they fail or refuse to allow the same, or some part thereof, the person feeling aggrieved may sue the county.

2. If the party suing recover in the action more than the board allowed, or offered to allow, the board and the county auditor shall allow the amount of the judgment and costs as a just claim against the county. If the party suing shall not recover more than the board and the county auditor shall have offered to allow him, then costs shall be recovered against him by the county, and may be deducted from the demand.

244.250 Unaudited claims to be presented within 6 months.

1. All unaudited claims or accounts against any county shall be presented to the board of county commissioners within 6 months from the time such claims or accounts become due or payable.

2. No claim or account against any county shall be audited, allowed or paid by the board of county commissioners, or any other officer of the county, unless the provisions of subsection 1 are strictly complied with.

[2]The question of the constitutionality of the claim statute was not properly raised before this court, and had not been ruled upon below. We therefore remanded the case to the trial court for a decision on that issue. The briefs filed on remand did not convince the lower court that Barney v. County of Clark, infra, need be reviewed as to that point.

months and under Barney v. County of Clark, 80 Nev. 104, 389 P.2d 392 (1964), a claim must be filed as a condition precedent to the commencement of an action against the county. That case was founded upon Artukovich v. Astendorf, 131 P.2d 831 (Cal. 1942), which marked by a spirited division of the California Supreme Court (4–3) affirmed the established weight of authority that an action against a public entity cannot be filed even by a minor unless the claim statute, if there be one, is first observed.

This case, however, poses a different problem. A claim was filed but not within the statutory 6 months. No reason is given for the failure to file within the statutory period. It is, however, contended that the statutory 6-month period was tolled during the children's minority by reason of NRS 11.250 which provides that if a person is entitled to bring an action other than for the recovery of real property, the time within which the cause of action must be commenced is tolled if that person is within the age of 21 years. This court has adopted the rule expressed in Artukovich v. Astendorf, supra, and I therefore feel compelled to maintain the continuity established by the respected Supreme Court of California. That court later established, in Williams v. Los Angeles Metropolitan Transit Auth., 440 P.2d 497 (Cal. 1968), that where the filing of a claim in advance of suit is required, that requirement is suspended during the period of minority if the action is "mentioned" in the limitation statute as one the person could bring. It is so mentioned in Nevada's statutes, NRS 41.036(3)[3] and NRS 11.190(5)(b).[4]

In Williams v. Los Angeles Metropolitan Transit Auth.,

---

[3]41.036(3):

3. Every claim against any other political subdivision of the state shall be presented, within 6 months from the time the cause of action accrues, to the governing body of that political subdivision. No action may be brought unless the governing body refuses to approve or fails within 90 days to act upon the claim.

[4]11.190(5)(b): Periods of limitations prescribed. Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:

. . .

5. Within 1 year:

. . .

(b) Actions or claims against a county, incorporated city, town or other political subdivision of the state which have been rejected by the board of county commissioners, city council or other governing body, as the case may be, after the first rejection thereof by such board, city council or other governing body, or the expiration of the time limited for failure to act by subsection 3 of NRS 41.036.

supra, the plaintiff filed the required claim within the prescribed time but failed to file his action against the public entity within the 6 months required after rejection of the claim. I accept, by analogy, the holding in Williams v. Los Angeles Metropolitan Transit Auth., supra, since California's tolling statute during minority is the same as ours.

2. I am not disturbed by the language of Barney v. County of Clark, supra, which emphasizes *timely* filing since the question of timeliness was not an issue in that case any more than in Kelleher v. Ephrata School District, 355 P.2d 989 (Wash. 1960), cited therein. The point involved in both cases was whether a claim must be filed at all. Timeliness was not the question.

3. Nor am I concerned with the fine-line distinction of whether the claim statute is a statute of limitation or a procedural roadblock as a condition precedent to suit. That question was considered in Myers v. Stevenson, 270 P.2d 885, 889 (Cal.App. 1954), and discarded as not being controlling as to the merits of the case. The trend is to construe statutes in such manner as to effectuate the long-recognized principle that children are to be protected during their minority from the destruction of their rights by the running of the statutes of limitation. Williams v. Los Angeles Metropolitan Transit Auth., supra; Los Angeles City School District v. Superior Court, 88 Cal.Rptr. 286 (Cal.App. 1970). The majority will argue that the Williams case, supra, does not apply, that there is a difference between a statute of limitation and a condition precedent to suit. The minors here are entitled to the benefits of the tolling statute. Whether the claim statute be called a statute of limitations or a condition precedent is of no moment. A review of other authorities reflects the foretold positive trend against the rigidity of the claim statutes, particularly as they affect the rights of minors.

THOMPSON, C. J., with whom MOWBRAY, J., agrees, dissenting in part:

I would affirm the summary judgment for Clark County and, therefore, dissent from that aspect of the Court's opinion.

1. The timely filing of claims with the Board of County Commissioners is a precondition to the existence of a cause of action against the County. Barney v. County of Clark, 80 Nev. 104, 389 P.2d 392 (1964). The minority of the children of the decedent does not excuse noncompliance nor extend the time for compliance, since proper claims could have been timely filed by their legal representative. Although it is true that the

period of disability of a minor shall not be part of the time limited for the commencement of an action, NRS 11.250; Parker v. Chrysler Motors Corp., 88 Nev. 560, 502 P.2d 111 (1972), that provision applies only when considering the affirmative defense of the statute of limitations, and does not bear upon the duty of minor claimants through their legal representative, to timely file their claims as a condition precedent to the existence of a cause of action. As noted in Barney v. County of Clark, supra, "[w]e are not concerned therefore with a statute in the nature of a statute of limitations; rather we are concerned with the performance of a necessary condition precedent to suit." Id. at 106.

2. The majority opinion voids all statutes precluding suit against a governmental entity for any tort demand unless a claim is first presented. This sweeping declaration nullified NRS 41.036, NRS 244.245 to 244.255, NRS 268.020 and, perhaps, others. Barney v. County of Clark, supra, and Hart v. City of Las Vegas, 73 Nev. 29, 307 P.2d 617 (1957), are silently overruled. Moreover, it renders meaningless, so far as a claim statute is concerned, a substantial body of case law dealing with timeliness and substantial compliance with the intendment of the statute. Derouen v. City of Reno, 87 Nev. 606, 491 P.2d 989 (1971); Kaminski v. Woodbury, 85 Nev. 667, 462 P.2d 45 (1969); City of Boulder City v. Miles, 85 Nev. 46, 449 P.2d 1003 (1969); Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969); Rice v. Clark County, 79 Nev. 253, 382 P.2d 605 (1963); City of Reno v. Fields, 69 Nev. 300, 250 P.2d 140 (1952), and Las Vegas v. Schultz, 59 Nev. 1, 83 P.2d 1040 (1938). These cases preserved the integrity of the legislative scheme and at the same time honored the rights of claimants who had met the underlying purposes of the statute. Their rights were not denied for technical or insubstantial reasons. Whenever a sensible explanation was offered for failing to comply with a claim statute requirement, that explanation was accepted.

It is not per se bad for a court to set aside statutes and ignore case precedent. It is, however, conduct calling for extreme caution. Solid reasons must exist. I perceive no such reasons in the matter at hand. The majority of this Court find that claim statutes violate the command of the Equal Protection Clause of the Federal Constitution. With due deference, I suggest that the Equal Protection Clause does not bear upon the matter.

The legislature has a wide discretion to enact laws which

affect some groups of citizens differently than others. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. McGowan v. Maryland, 366 U.S. 420 (1961). The purpose of a claim statute is to enable the governmental agency to make an early investigation of the claim, of the claimant, and to marshal evidence promptly at a time when it is possible to do so. City of Reno v. Fields, 69 Nev. 300, 250 P.2d 140 (1952); Brown v. Board of Trustees, Etc., 104 N.E.2d 866 (N.Y. 1952). This purpose surely is reasonable and not an arbitrary exercise of legislative power. I cannot find it to be irrational nonsense.

All persons injured through the negligence of the state or its political subdivisions have been granted the right to bring suit (except where immunity is retained) and this right is granted equally and without discrimination on any basis whatsoever. NRS 41.031; State v. Silva, 86 Nev. 911, 478 P.2d 591 (1970). This is equality under the same conditions and among persons similarly situated. Boyne v. State ex rel. Dickerson, 80 Nev. 160, 390 P.2d 225 (1964). And, contrary to the view of the majority, the Equal Protection Clause does not require equal treatment of private persons and the State. Tustin Heights Ass'n. v. Board of Supervisors, 339 P.2d 914 (Cal. App. 1959). This is the thrust of Derouen v. City of Reno, 87 Nev. 606, 491 P.2d 989 (1971), where we upheld a city claim statute against the contention that a city should not be treated differently than a private corporation. It also is the teaching of State v. Silva, supra, where we held that the State could limit recovery to $25,000 for each claimant without violating the concept of equal protection. Are these recent decisions no longer viable? Have they also been cast aside sub silentio? If it is constitutionally permissible for the State to limit recovery (State v. Silva, supra) how can it be constitutionally impermissible for the State to require that a claim be filed?

As I read the majority opinion it voids the claim statutes insofar as they apply to governmental torts. Are these statutes still operative otherwise? This wholesale slaughter of a complete statutory scheme and of case precedent, both old and recent, is conduct unsuited to the function of this Court. Respectfully, I dissent.