L-M ARCHITECTS, INC., a Nevada Corporation, Appellant, *v.* CITY OF SPARKS, NEVADA, Respondent.

No. 14418

June 26, 1984                                           683 P.2d 11

*Jacquette & Kilpatrick,* Carson City, for Appellant.

*Nik V. Walters,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The City of Sparks refused to pay appellant, L-M Architects, Inc., because L-M failed to present a timely demand in accord with NRS 268.020.[1] L-M did not comply with the statutes, but it claims that the statute is unconstitutional because it discriminates against L-M and other contract claimants against municipalities and is a violation of due process and equal protection provisions of the Nevada Constitution. We do not find the statute to be constitutionally objectionable and affirm the summary judgment entered in favor of the city.

L-M's main argument rests on Turner v. Skaggs, 89 Nev. 230, 510 P.2d 879 (1973), in which a six-months claim statute was invalidated with respect to tort claims against governmental entities. *Turner* was based on what we perceived to be a discriminatory classification as between private and governmental tortfeasors. Since no notice of claim was necessary in order to sue a private tortfeasor, we held in *Turner* that it was discriminatory to require the filing of an advance claim as a condition to suing a governmental tortfeasor.

A considerable number of courts have invalidated claim statutes as they are applied to tort actions. *See* Hunter v. North Mason High School, 539 P.2d 845 (Wash. 1975); Reich v. State Highway Department, 194 N.W.2d 700 (Mich. 1972); *see also*

---

[1]NRS 268.020 provides in relevant part as follows:

1. All demands and accounts against any incorporated city in this state, must be presented to the city council of the city, in writing, within 6 months from the time the demands or accounts became due.

. . . .

3. No demand or account against any incorporated city in this state may be audited, considered, allowed or paid by the city council or any other officer or officers of the incorporated city unless the provisions of subsection 1 are strictly complied with.

59 A.L.R.3d 93 (1974). The trend has not, however, extended into the contract area.

In Norcor of America v. Southern Ariz. Intern., 596 P.2d 377 (Ariz.App. 1979), the Arizona Court of Appeals dealt with the precise issue involved in the present appeal. In distinguishing *Turner* the court stated:

> In *Turner v. Staggs,* supra, the court held the claims statute unconstitutional as to tort claims and the annotation deals solely with tort claims. Appellant has cited no authority for the proposition that the claims statutes are constitutionally invalid when applied to contract claims. We do not believe an analogy can be drawn between the tort claim cases which appellant cites and a contract claim because the rationale of appellant's authorities is not appropriate when applied to contract claim cases. Reference to a Washington case and two of the more articulate cases cited in the annotation supports our conclusion. *Reich v. State Highway Dept., Turner v. Staggs, Hunter v. North Mason High School,* all point out that since governmental immunity was abolished by the legislature, the clear legislative intent was that nongovernmental and governmental tortfeasors were to be put on an equal footing. Therefore, there is only one natural class of tortfeasors and the claims statutes irrationally divide this natural class. This rationale cannot be carried over into contract claims. The legislature has never expressed an intent that governmental and non-governmental promisors be on an equal footing. . . . In fact, A.R.S. Secs. 11-621 et seq. demonstrate the opposite. There is no single natural class of "promisors".

596 P.2d at 380 (citations omitted).

We agree with the Arizona court's interpretation of *Turner.* We are unwilling to invalidate the legislative requirement in a contract case. Individuals or corporations that voluntarily contract with governmental units assume the burdens of complying with its procedures for satisfying claims. In this regard a claim statute does not, as was the case in *Turner,* amount to a trap for the unwary. The statute is properly applicable in this case.

Contentions relating to substantial compliance and defects in the summary judgment process are without merit.

Affirmed.