In the Matter of ROBERT A. BROWN, an Infant, by DELBERT BROWN, JR., His Guardian ad Litem, et al., Appellants, against BOARD OF TRUSTEES OF THE TOWN OF HAMPTONBURG, SCHOOL DISTRICT No. 4, Respondent.

Argued January 7, 1952; decided March 13, 1952.

*John F. Meehan* for appellants. I. Section 50-e of the General Municipal Law deprives infant appellant of rights and privileges secured to other citizens of this State by section 1 of article I of the Constitution in that compliance with the statute, within the time therein provided, is impossible by reason of the extreme youth of appellant. (*Matter of Fleischmann* v. *Graves*, 202 App. Div. 825, 235 N. Y. 84; *Brewster* v. *Rogers Co.*, 42 App. Div. 343, 169 N. Y. 73; *Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233; *Locklin* v. *Fischer*, 264 App. Div. 452; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397; *Russo* v. *City of New York*, 258 N. Y. 344.) II. Section 50-e denies to infant appellant the rights and privileges secured to all other citizens of and over the age of fourteen years by section 1 of article I of the State Constitution in that it fails to provide a remedy against respondent board of trustees. (*Rima* v. *Rossie Iron Works*, 120 N. Y. 433.)

*Ernest M. Levinson* and *Henry Hirschberg* for respondent. Recent decisions of the Court of Appeals are adverse to the contentions raised by appellants. (*Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233; *Chavers* v. *City of Mount Vernon*, 301 N. Y. 634.)

CONWAY, J. The claimant comes to us here on direct appeal on constitutional grounds from an order of Special Term, Orange County, denying a motion for leave to serve a notice of claim upon the defendant school district board of trustees after the expiration of the statutory period for such service as provided in section 50-e of the General Municipal Law.

On October 26, 1949, the claimant, then an infant of six years of age, was injured as the result of a fall from a children's slide owned and controlled by the Board of Trustees of the Town of Hamptonburg, School District No. 4, and located

on the grounds of the school. The claimant contends, although the fact is not here in issue, that the injuries were sustained by reason of the negligence of the board, its agents, servants and employees.

No attempt was made to commence an action for damages or to serve a notice of claim on behalf of the infant for a period of sixteen months. On February 26, 1951, the father was duly appointed guardian ad litem. Thereafter, on the 9th day of April, 1951, the infant, by his guardian ad litem, and the father, as parent, moved the Supreme Court, at Trial Term, for leave to serve an appropriate notice of claim.

Trial Term denied the motion for lack of power to grant the relief sought.

Subdivision 1 of section 50-e of the General Municipal Law provides that '' In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action ＊ ＊ ＊ against a public corporation ＊ ＊ ＊ or any officer, appointee or employee thereof, the notice shall ＊ ＊ ＊ be given within ninety days after the claim arises.'' A school district is a '' public corporation '' and a '' municipal corporation ''. (General Municipal Law, § 50-e; General Corporation Law, § 3.) That section further provides (subd. 5) that where '' the claimant is an infant ＊ ＊ ＊ and ＊ ＊ ＊ fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor ＊ ＊ ＊ the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one. Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim ＊ ＊ ＊.'' In *Matter of Martin* v. *School Bd. of Union Free Dist., Long Beach* (301 N. Y. 233), we declared that the Legislature, in enacting section 50-e, intended to confer on the courts discretionary power to permit an infant to file a late notice of claim, i.e., after the sixty-day (now ninety-day) period prescribed in subdivision 1 had elapsed. We concluded, however, that the period in which such discretion might be exercised had been designedly limited by the Legislature to one year from the happening of the event upon which the claim

was based. Under no circumstances may the court grant leave to file a late notice of claim after a year has elapsed. (See, also, *Chavers* v. *City of Mount Vernon*, 301 N. Y. 634.)

Since the service of a notice of claim is a condition precedent to the commencement of any action or special proceeding against a school district or any officer thereof (Education Law, § 3813), the provisions of section 50-e of the General Municipal Law and the *Martin* and *Chavers* cases (*supra*) construing that section apply to the claimant's case and prevent him from instituting suit against the defendant board. It is quite evident that the claimant is cognizant of that fact. However, he seeks to overcome the obstacle that section 50-e presents to the prosecution of his claim, by having us declare the section to be violative of the State and Federal Constitutions.

In substance the claimant's contention is that since an infant under fourteen years of age may not sue directly, nor initiate proceedings by application to the courts for the appointment of a guardian ad litem, compliance with the requirements of section 50-e is impossible for such an infant, and as a result his remedy, for any legal wrong done him by a municipality, is withdrawn before he is able to exercise it. That, the claimant urges, deprives him of the rights and privileges secured to other citizens of this State by section 1 of article I of the State Constitution, and of equal protection of the laws guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

It is a familiar principle of our law that a municipal corporation is a body politic. It is created by statute and, as an instrumentality of the general government of the State, it exercises powers of government which are delegated to it by the Legislature. Inasmuch as it is a creature of the Legislature, the power that the Legislature wields over a municipal corporation is supreme and transcendent. A municipal corporation exists for the benefit of the public and of the community, and only incidentally for the benefit of the individual. As an auxiliary or arm of the State Government a municipal corporation is possessed of the same immunity from suit at the hands of citizens as does the State. Under the common law the State and municipal corporations were subject to liability when exercising corporate or proprietary functions, but immune from liability

when exercising governmental functions. (See 63 C. J. S., Municipal Corporations, § 746.) The operation of a public school system is a governmental function and includes the maintenance of playgrounds and of athletic and manual training equipment used in connection therewith. (*Casper* v. *Longview School Dist. No. 122,* 5 Wn. [2d] 403.)

The right, then, of citizens to bring suit against a municipal corporation for alleged negligence in the performance of a governmental function, did not exist at common law. Furthermore, it was not in the past, nor is it at present, guaranteed by constitutional provision. The present rule, that the State and its municipal adjuncts are liable in negligence in the same manner as individuals or corporations, is statutory in origin. (Court of Claims Act, § 8; *Bernardine* v. *City of New York,* 294 N. Y. 361.) Manifestly, then, any such right granted is one which might have been withheld altogether by the Legislature. Accordingly, the right to bring suit against a municipality may be granted upon such conditions as the Legislature, in its wisdom, sees fit to impose. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *MacMullen* v. *City of Middletown,* 187 N. Y. 37; *City of Birmingham* v. *Weston,* 233 Ala. 563; *Miramar Co.* v. *City of Santa Barbara,* 122 P. 2d 643 [Cal.]; *Baker* v. *Town of Manitou, Colo.,* 277 F. 232 [C. A. 8th]; *Sherfey* v. *City of Brazil,* 213 Ind. 493; *Palmer* v. *City of Cedar Rapids,* 165 Iowa 595; *Dechant* v. *City of Hays,* 112 Kan. 729; *Galloway* v. *City of Winchester,* 299 Ky. 87; *Madden* v. *City of Springfield,* 131 Mass. 441; *Davidson* v. *City of Muskegon,* 111 Mich. 454; *Szroka* v. *Northwestern Bell Tel. Co.,* 171 Minn. 57; *Schmidt* v. *City of Fremont,* 70 Neb. 577; *Robinson* v. *City of Memphis,* 171 Tenn. 471; *Hurley* v. *Town of Bingham,* 63 Utah 589.)

Guided by the rule thus stated, we have held that a statutory or charter provision requiring the service of a notice of claim, as a condition precedent to suit against a municipality, is constitutional. (*MacMullen* v. *City of Middletown, supra.*)

Nevertheless, no case has been called to our attention in this State wherein the precise objection made here has been presented, viz., that such a statute is unconstitutional in failing to afford equal protection of the laws.

The absence, in this State, of such a case may be explained by the fact that the law prior to the enactment of section 50-e, was that, although the period for serving notice of claim, as prescribed in the particular statute had expired, the courts, nevertheless, could permit an infant to file a notice of claim thereafter, if it appeared that the infant was incapable of complying with the statutory provisions because of tender years. (See, e.g., *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397, 403.) That decision was based upon the maxim that the law does not seek to compel a man to do that which he cannot possibly perform.

The highest court of another State has had occasion to consider the constitutional question posed by the claimant here. (*Peoples* v. *City of Valpariso,* 178 Ind. 673.) In holding that the statute there under consideration was not in contravention of the State Constitution, the court pointed out at page 675: " The liability of the city in the first instance was statutory, and § 8962, *supra,* is simply a limitation on that liability. One seeking the benefit of the statute must show that he is within its provisions, including that requiring the notice; and the fact that such person was unable to give notice, or cause it to be given, affords no excuse for a failure to comply with the terms of the statute." (See, also, *Touhey* v. *City of Decatur,* 175 Ind. 98, holding to the same effect as to the 14th Amendt.)

Statutes such as section 50-e of the General Municipal Law are enacted with a view to enabling municipalities to make early investigations of claims and to marshal evidence promptly at a time when it is possible to do so. Municipalities are, by means of such provisions, protected from needless litigation and are given an opportunity " to adjust differences and settle claims without suit." (18 McQuillin on Municipal Corporations [3d ed., p. 576.) (See, also, *Weisman* v. *City of New York,* 219 N. Y. 178.) Municipalities are moreover, thereby, " afforded a measure of protection against stale claims, or the possible connivance of corrupt officials." (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198, 203, *supra.*) Manifestly the objects sought to be attained by such enactments are not dependent upon the age of the claimant nor do they vary with the claimant's age.

The matter of the service of a notice of claim upon a municipality, as a condition precedent to the bringing of an action

founded upon tort has now become wholly one of legislative judgment.

The order should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed.