Louis B. Heller, J.
This application is made under section 50-e of the General Municipal Law for leave to serve a late notice of claim, as proposed, in behalf of the infant herein.
The action is to recover damages for personal injuries allegedly sustained by the 15-year-old claimant when he fell from a second-story window at premises 96 Clymer Street, Brooklyn, New York, concededly a vacant building.
The motion is denied, more than one year having elapsed since the happening of the accident on August 21, 1961. Wise or unwise, fair or harsh, that law (§ 50-e, supra) is as binding on the courts as it is on this petitioner and on everyone else (Martin *302 v. School Bd., 301 N. Y. 233, 239, affg. 275 App. Div. 1042 [2d Dept.]; Matter of Brown v. Board of Trustees, 303 N. Y. 484).
The contention of movant’s attorney that “ The City of New York received the Notice of Claim herein which it acknowledged on November 6, 1961, and did not, in any manner, ever advise this office that it was not the actual owner of the premises ” (emphasis supplied) is contradicted by the prior statement appearing on the same page of the attorney’s affidavit which advises the court that “ On a review of this file, I discovered that the City of New York claimed that the actual owner of the premises at the time of this accident was the New York City Housing Authority ” (emphasis supplied).
The claimed inadvertence as here described clearly is not that type of disability set forth in the statute (Matter of Goglas v. New York City Housing Auth., 11 N Y 2d 680, affd. 13 A D 2d 939; Matter of Abiuso v. New York City Tr. Auth., 4 A D 2d 876). The case cited by movant has been examined by the court and found not to be pertinent with the facts here described.