KEVIN SCOTT BARNEY, A MINOR, BY BARBARA ANN BARNEY, HIS GUARDIAN AD LITEM, APPELLANT, v. COUNTY OF CLARK, STATE OF NEVADA, RESPONDENT.

No. 4664

February 21, 1964                    389 P.2d 392

*Herman M. Adams,* of Las Vegas, and *Dambach & Dambach,* of Canoga Park, California, for Appellant.

*Singleton and DeLanoy,* and *Rex A. Jemison,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNamee, J.:

This is a wrongful death action commenced by the minor son of decedent. The appeal is concerned only with the parties named above.

Decedent was a passenger in a private aircraft which collided with a power pole on the county airfield in Las Vegas. The county is charged with negligence of failing to warn of a known dangerous condition and with violation of the Federal Aviation Agency lighting regulations and failure to warn of such violation by others.

The County of Clark's motion for an involuntary dismissal of the action was granted upon the ground that the complaint failed to allege that plaintiff had filed a certified claim with the board of county commissioners and with the county auditor as required by NRS 244.245 and 244.250. The motion was opposed by the plaintiff on the ground that his minority (he was less

than two years old at the time of his father's death) created an excuse for his failure to comply with said statutes.

Upon the death of his father an estate resulted to the plaintiff under our wrongful death statutes in the nature of a cause of action against the wrongdoer. If the county is considered the wrongdoer, whether alone or in conjunction with another, and suit is contemplated against the county, NRS 244.245 and 244.250 become applicable.

NRS 244.245 provides in part: *"Condition precedent to suit against county for claim.* 1. No person shall sue a county in any case for any demand, unless he shall first present his claim or demand to the board of county commissioners and the county auditor for allowance and approval, and if they fail or refuse to allow the same, or some part thereof, the person feeling aggrieved may sue the county."

We are not concerned therefore with a statute in the nature of a statute of limitations; rather we are concerned with the performance of a necessary condition precedent to suit. Peoples v. City of Valparaiso, 178 Ind. 673, 100 N.E. 70; City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 109 A.L.R. 970; cf. Hart v. City of Las Vegas, 73 Nev. 29, 307 P.2d 617. The requirement of the filing of a claim does not relate to the commencement of the action, but timely filing is a condition precedent to the right to maintain an action. Kelleher v. Ephrata School District, 56 Wash.2d 866, 355 P.2d 989.

NRS 12.090 empowers either the heirs or the personal representative of the decedent for the benefit of his heirs to maintain an action for wrongful death.

An infant of such tender years of course could perform the condition precedent to suit only through a legal representative. There is nothing in the record to suggest that a general guardian could not have been appointed for the estate of this minor. His present

guardian ad litem is his mother who was appointed as such at the time the suit was commenced. Nor does it appear that a personal representative of the decedent could not have been appointed.

The two questions presented on this appeal are:

1.   Is a minor excused from complying with the provisions of NRS 244.245?

2.   Are NRS 244.245 and 244.250 constitutional as applied to a minor?

Although there are cases to the contrary, the majority rule, which we adopt, is that where the statute makes no exception as to minors, a minor is not excused from filing his claim in the manner provided by the statute, and such requirement is a prerequisite to suit. Artukovich v. Astendorf, 21 Cal.2d 329, 131 P.2d 831. The right to sue a county could be withheld altogether by the legislature. It therefore may be granted upon such conditions as the legislature sees fit to impose. Brown v. Board of Trustees, etc., 303 N.Y. 484, 104 N.E.2d 866, 34 A.L.R.2d 720.

NRS 244.250 requires all unaudited claims against a county to be presented to the board of county commissioners within six months from the time such claims become due and payable.[1]

Appellant contends that NRS 244.245 and 244.250 are unconstitutional if applicable to a minor who was eleven months and six days old at the time of the death of decedent. We reject this contention.

In holding that a statutory provision requiring the service of a notice of claim as a condition precedent to suit against a municipality is constitutional, the New York Court of Appeals in Brown v. Board of Trustees, etc., supra, said: "Manifestly the objects sought to be attained by such enactments are not dependent upon the

---

[1]Respondent's complaint is not that the claim was not filed within six months, but that no claim was ever filed.

age of the claimant nor do they vary with the claimant's age." See also Peoples v. City of Valparaiso, supra; Annot., 34 A.L.R.2d 730.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.