■ DOROTHY HALL, as Administratrix of the Estate of EDWARD HALL, Deceased, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In a proceeding to permit the filing of a late notice of claim, the appeal, as limited by appellant's brief, is from an order of the Supreme Court, Kings County, dated October 29, 1968, insofar as it was not limited to granting such permission only with respect to the claim for wrongful death and granted such permission with respect to the claim for personal injuries. Order reversed insofar as appealed from, on the law and the facts, without costs; and, accordingly, motion denied insofar as the notice of claim is for personal injuries. The notice in question encompassed a claim for personal injuries and a claim for wrongful death. It is conceded that the notice with respect to the latter claim was timely filed within the requisite statutory period after plaintiff's appointment as administratrix. Accordingly, while the motion, insofar as it sought relief with respect to the claim for wrongful death, was unnecessary, the granting of that aspect of the motion was proper. However, with respect to the claim for personal injuries, the motion was made more than one year after the happening of the event on which the claim is based. As to that claim we are of the opinion that the motion was not timely made in accordance with the clear mandate of the statute as presently constituted (General Municipal Law, § 50-e, subd. 5) and, unless there is a basis for invoking the doctrine of equitable estoppel, which is not urged at bar and as to which we make no factual determination, the motion must be denied (Matter of Brown v. Board of Trustees of Town of Hamptonburg School Dist. No. 4, 303 N. Y. 484; Matter of Rosenberg v. City of New York, 309 N. Y. 304; Matter of Martin v. School Bd. of Union Free Dist. No. 28, Long Beach, 301 N. Y. 233). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur..