SHARYNE LEE PARKER, AS GUARDIAN AD LITEM FOR TONYA LYNN PARKER AND BRYANT SHANE PARKER, MINORS, APPELLANT, *v.* CHRYSLER MOTORS CORPORATION AND RENO DODGE, INC., RESPONDENTS.

No. 6833

October 30, 1972          502 P.2d 111

*Stewart, Horton & McKissick,* of Reno, for Appellant.

*Richard P. Wait, Ltd.,* of Reno, for Respondent Chrysler Motors Corporation.

*Hibbs & Bullis, Ltd.,* and *Stan L. Lyon,* of Reno, for Respondent Reno Dodge, Inc.

## OPINION

By the Court, THOMPSON, J.:

As a general proposition, an action to recover damages for wrongful death must be commenced within two years, otherwise it is subject to the bar of limitations specified in NRS 11.190(4)(e). The issue presented by this appeal is whether the bar of that statute applies to an action commenced by the decedent's widow and heir, but acting solely as the guardian ad litem for the minor heirs of the decedent, in view of the statutes

governing wrongful death actions and in view of NRS 11.250 (1)(3) which provides that the period of disability of a minor shall not be part of the time limited for the commencement of an action. The district court ruled that the two year limitation statute was a bar and, therefore, dismissed this action. This appeal followed.

This action was not commenced within two years of the death of Mont L. Parker. His surviving heirs are his widow, Sharyne, and two minor children, Tonya and Bryant. The widow has not asserted a claim because of the bar of limitations. The lower court apparently believed that the claims of the minor children likewise are barred since, in its view, a cause of action for wrongful death is granted to "heirs" as members of a class, and is joint and indivisible in nature. Consequently, if the claim of an adult heir is barred, the claims of minor heirs also must fail. Moreover, that Barney v. County of Clark, 80 Nev. 104, 389 P.2d 392 (1964), is authority for the proposition that a minor heir must timely present his claim.

1. This action was commenced pursuant to NRS 12.090 which provides that "The action may be brought by the heirs of the deceased or by his personal representative or guardian for the benefit of his heirs." The term "heirs" means any person entitled to inherit the estate of a decedent. Bower v. Landa, 78 Nev. 246, 253, 371 P.2d 657 (1962); Weaks v. Mounter, 88 Nev. 118, 493 P.2d 1307 (1972). The statute does not create a joint cause of action. Its thrust is to have all heirs join in one action.

Each heir has a separate relational interest in the life of the deceased, and damages are determined according to those separate interests. The mere fact that the judgment, if one is recovered, should be in a lump sum, Wells, Inc. v. Shoemake, 64 Nev. 57, 73, 177 P.2d 451 (1947), does not destroy separability since either the heirs, or the court upon proper application, may apportion the award. It follows, therefore, that a defense, good against the claim of one heir, is not fatal to the others, any more than a settlement by one could bar the rights of all. It is equally clear that the running of the statute of limitations is suspended during the period of their minority. NRS 11.250(1)(3).

The California Supreme Court in Cross v. Pac. G. & E. Co., 388 P.2d 353 (1964), ruled on the very points here presented

and contrary to the view taken by our district court. We choose to adopt the reasoning of the Cross decision.

2.   Barney v. County of Clark, 80 Nev. 104, 389 P.2d 392 (1964), is inapposite since the court was not concerned with the affirmative defense of the statute of limitations, but rather, with the requirement that a filing of a claim with the proper authority was a condition precedent to the very existence of a cause of action. The court explicitly pointed to that fact.

Reversed.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.