In the Matter of WILLIAM BURLINGAME, Respondent, v. RAVENA-COEYMANS-SELKIRK CENTRAL SCHOOL DISTRICT et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered February 7, 1973 in Albany County, which granted claimant leave to serve a notice of claim upon defendants subsequent to the expiration of 90 days after the alleged claim arose pursuant to subdivision 5 of section 50-e of the General Municipal Law. On September 18, 1971, the infant claimant injured his left wrist while participating in a high school football game. He alleges that on September 20, 1971 he reported the injury to the team's coach who recommended whirlpool treatments. He further contends that on September 22, 1971 he resumed participating in contact drills and continued to play for the remainder of the season, which lasted until November, 1971. Prior to each game and practice, tape was applied to the plaintiff's wrist by the coach or someone designated by him. No other medical treatment was rendered to claimant during the football season. In March, 1972, the infant claimant was seen by a doctor who diagnosed his injury as an "ununited fracture of the carponavicular with some increased density of the proximal fragment" with probable aseptic necrosis. Surgical repair was performed on the left wrist, which repair evidently was successful. On September 19, 1972, a motion was made on behalf of the infant claimant for leave to file a late notice of claim, which motion was granted by Special Term. Defendants contend that the motion for leave to serve a late notice of claim should have been denied since the motion was brought more than one year after the infant claimant suffered his original injury. We reject this contention. The proposed notice of claim does not allege that the defendants were responsible for the initial injury, or

could have prevented it by the exercise of due care. Rather, the claim of negligence arises out of acts and omissions on the part of the defendants occurring subsequently to this injury, since the infant claimant contends that on September 20, 1971, when he reported his injury to the coach, the latter failed to take proper precautions to protect the infant from further avoidable injury during the remainder of the season. Furthermore, it is alleged that, on September 22, 1971, the coach instructed the claimant to resume contact drills. Thus the motion was brought within one year of the events upon which the claim is based. Defendants further contend that the motion to serve a late notice of claim should have been denied since no showing was made as to any cognizable relationship between claimant's infancy and the failure to file a timely claim. In our view, this contention must also be rejected. Under the circumstances, we feel that it may reasonably be inferred that the delay was to a substantial degree attributable to the fact of infancy, for an infant of 17 may lack the acumen to appreciate the wrongs against him and may, consequently, be remiss in properly asserting his rights. " The impediment may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated" (*Matter of Murray* v. *City of New York*, 30 N Y 2d 113, 120). Special Term did not commit an abuse of discretion in permitting late filing of the notice of claim. Order affirmed, with costs. Greenblott, Cooke, Sweeney and Kane, JJ., concur; Staley, Jr., J. P., dissents and votes to reverse in the following memorandum. Staley, Jr., J. P. (dissenting), It is undisputed that the infant respondent was injured on September 18, 1971 when his left wrist was injured while participating in a high school football game. The motion to serve a late notice of claim was made on September 19, 1972. The law is clear that a motion for leave to serve a late notice of claim must be brought within the period of one year after the happening of the event upon which the claim is based. (General Municipal Law, § 50-e, subd. 5.) The motion for leave to serve a late notice of claim should have been denied. (*Matter of Brown* v. *Board of Trustees of Town of Hamptonburg, School Dist. No. 4*, 303 N. Y. 484.)