A. Franklin Mahoney, J.
In this CPLR article 78 proceeding the petitioner seeks an order annulling the respondent Comptroller’s determination denying accidental disability retirement to petitioner pursuant to section 63 (subd. a, par.l) of the Retirement and Social Security Law.
On November 10, 1972 petitioner, while an employee of the Department of Transportation and in the discharge of his duties, stepped on a nail. After hospitalization he continued under a doctor’s care for a period of nine months and was medically disqualified from working again. On August 1, 1973 he applied for accidental disability retirement. He was advised that since he had attained the age of 60 years 'on January 1, 1973, section 63 of the Retirement and Social Security Law prevented the Comptroller’s office from accepting his application. A hearing was held on July 10, 1974 and the hearing officer, on September 19, 1974, denied the application. Thereafter, by a final determination dated October 11, 1974, the respondent Comptroller disapproved the application upon the ground that petitioner failed to file "within the time limit specified by § 63 of the Retirement and Social Security Law.”
Since petitioner was 59 years of age when he was injured and the seriousness of the injury requiring job disqualification did not manifest itself until he was past 60 years of age, the issue is raised, for the first time, whether "at the time of application” the petitioning employee must be "under age sixty” is such an arbitrary and rigid statutory requirement that it can or could result in such unjustness as to be beyond *946 legislative intendment and, thereby, freeing the court to employ those rules of construction that permit judicial alteration in order to avoid consequences not intended.
In my view, the facts in the case at bar do not lend themselves to judicial intervention. The statutory command is clear, precise and unambiguous. To qualify for accidental disability retirement a member employee, at the time of application, must be under age 60 (Retirement and Social Security Law, § 63, subd a, par 1). This is not so firm a requirement as to be unconscionable or violative of social justice. Rather, it is legislative recognition that man’s allotted 3 score and 10 upon this sphere is often troubled by infirmities that beset the human condition as he enters his sixth decade and it appears eminently reasonable and fair that within the context of the most beneficent State retirement system in the country some proscription in terms of age should be required for "accidental” benefits beyond the normal retirement to which all eligible employees, including petitioner, are entitled. If a time, in terms of an employee’s age, were not legislatively set it is conceivable that entitlement to "accidental” retirement among the hundreds of thousands of State employees could rise to a monetary level beyond the people’s ability to pay.
The petition is dismissed.