■   In the Matter of JOHN G. BAUST, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered February 19, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Comp-

troller disapproving petitioner's application for accidental disability retirement. Petitioner, an employee of the Department of Transportation, sustained an injury in the course of his employment on November 10, 1972, at which time he was 59 years of age. Petitioner turned 60 years of age in January of 1973 and his injury did not progress to the point of incapacitating him from employment until later in 1973. Petitioner thereafter applied for accidental disability retirement pursuant to subdivision a of section 63 of the Retirement and Social Security Law, and was advised that he was ineligible for accidental disability retirement since he was not under age 60 at the time of filing of his application. It is set forth in the statute as one of the prerequisites to eligibility that an applicant be under age 60 at the time he applies for accidental disability retirement. After a hearing his application was denied by the Comptroller whereupon he instituted the present proceeding. It is from the dismissal of his petition at Special Term (80 Misc 2d 944) that the present appeal is taken. Petitioner contends, in essence, that because he could not have known until after his 60th birthday that he would become disabled and forced to retire due to an injury sustained prior to his 60th birthday, the statute as applied to him in the present case works an unconscionable result contrary to the intent of the Legislature. These contentions must be rejected. The function of the courts in reviewing an administrative determination in an article 78 proceeding is limited to an inquiry into whether that determination was arbitrary or capricious (CPLR 7803, subd 3). Here, the Comptroller has complied with the legislative mandate, wherefore there is no basis for classifying his determination as arbitrary or capricious. We disagree with petitioner's contention that interpretation of the statute is required in the interest of effectuating a legislative intent contrary to that which appears from the plain meaning of the language employed. It can be readily discerned that the Legislature intended that accidental disability retirement be available to those deprived of years of productivity and earning power who are not otherwise eligible for retirement benefits. It is not within the province of this court to inquire into the wisdom of a legislative determination that those who, having achieved age 60 and eligibility for regular retirement, shall not be eligible for additional benefits. While the result may seem somewhat harsh in the circumstances, it can by no means be described as unconscionable, and we need not concern ourselves with other hypothetical situations suggested by petitioner in the absence of determinations by the Comptroller. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur. [80 Misc 2d 944.]