AMY PAUSLEY, as Parent and Natural Guardian of WAYNE PAUSLEY, an Infant, et al., Appellants, v ROBERT CHALONER et al., Respondents.

Third Department, October 28, 1976

*Barry A. Gold* for appellants.

*Maynard, O'Connor & Smith (John A. Murray* of counsel), for respondents.

MAHONEY, J. Plaintiffs Amy Pausley and her son Wayne Pausley bring this action against defendant Memorial Hospital of Greene County for negligence it allegedly committed in treating the then five-month-old Wayne Pausley while he was an inpatient at the hospital from March 6 to March 12, 1971. Memorial Hospital is operated by Greene County, a municipality within the meaning of sections 50-e and 50-i of the General Municipal Law (County Law, § 52).

Section 50-e of the General Municipal Law requires, as a condition of any tort action against a municipality, that a notice of claim be served upon the municipality within 90 days after the claim arises. The statute extends the time to a maximum of one year in certain cases, but plaintiffs concede they failed to serve the notice even within the extended period. They did, however, serve their complaint within the then-applicable three-year Statute of Limitations.[1] Plaintiffs contend that the notice of claim prerequisite denied them the equal protection and due process guaranteed by the State and Federal Constitutions.

The equal protection argument begins with the premise that there is no difference between public and private hospitals which justifies affording public hospitals the protection of what in effect is a shorter statute of limitations. It may be, as plaintiffs say, that the operations of municipalities are not as a rule more complex than their private counterparts and,

---

[1]. Statute of Limitations for medical malpractice is now 2 years and 6 months (CPLR 214-a).

therefore, do not warrant more prompt notice of claims. However, the controlling case from the Court of Appeals, *Matter of Brown v Board of Trustees of Town of Hamptonburg, School Dist. No. 4* (303 NY 484) upheld section 50-e from equal protection attack on a basis unrelated to any supposed special needs of municipalities. "The right * * * of citizens to bring suit against a municipal corporation for alleged negligence in the performance of a governmental function, did not exist at common law. Furthermore, it [is] not guaranteed by constitutional provision. The present rule, that the State and its municipal adjuncts are liable in negligence in the same manner as individuals or corporations, is statutory in origin. (Court of Claims Act, § 8; *Bernardine v. City of New York,* 294 N.Y. 361.) Manifestly, then, any such right granted is one which might have been withheld altogether by the Legislature. Accordingly, the right to bring suit against a municipality may be granted upon such conditions as the Legislature, in its wisdom, sees fit to impose." *(Id.,* at p 489.)

The only possible basis upon which to distinguish *Matter of Brown* is that there the suit was against a school board, while here a hospital is sued. The Court of Appeals predicated the above-quoted reasoning on the fact that at common law "proprietary" operations by a municipality were subject to negligence liability, while "governmental" functions were immune. Since under New York case law school operation had been labeled "governmental", it was only by virtue of the waiver of immunity that the plaintiff in *Matter of Brown* had any access to the courts at all.

Although on this appeal the point was not briefed, it appears that hospital operation was considered a governmental function *(Nichitta v City of New York,* 223 App Div 428, affd 250 NY 530). Therefore, the plaintiffs here are as dependent upon legislative grace for their cause of action as was the plaintiff in *Matter of Brown.*

The cases from sister States striking down notice of claim requirements similar to section 50-e[2] are unpersuasive in light of the Court of Appeals statement in *Matter of Brown.* No case from the Federal courts is cited and the majority of sister State judgments uphold notice of claim provisions (e.g., *Dias v Eden Township Hosp. Dist.,* 57 Cal 2d 502; *King v Johnson,* 47

---

2. *Hunter v North Mason High School* (85 Wn 2d 810); *Reich v State Highway Dept.* (386 Mich 617); *Turner v Staggs* (510 P2d 879 [Nev.], cert den 414 US 1079).

Ill 2d 247; *Lunday v Vogelmann,* 213 NW2d 904 [Iowa]; see Ann 59 ALR3d 93).

Plaintiffs' second theory, rather than challenging the inequality inherent in section 50-e, asserts that the shortness of the 90-day limitation is so unreasonable it violates due process. In light of *Matter of Brown (supra),* this theory must presume that even though the State is under no obligation to consent to any tort liability, once it does it must implement reasonable procedural rules by which that liability can be adjudicated. This presumption will be accepted here for argument's sake.

Tort statutes of limitations, challenged as unreasonably short, have uniformly been ruled not to violate due process (e.g., *Clark v Gulesian,* 429 F2d 405, cert den 400 US 993; *Pittman v United States,* 341 F2d 739, cert den 382 US 941; *Caldwell v Alabama Dry Dock & Shipbuilding Co.,* 161 F2d 83, cert den 332 US 759). Most pertinent is *Clark v Gulesian (supra),* a diversity malpractice action by an infant against a physician who allegedly left a towel in plaintiff's abdomen. The towel was not discovered until after the applicable Maine Statute of Limitations had run. The Circuit Court of Appeals held such limitation not to violate due process.

Application of section 50-e does not lead to as harsh a result here. Although the plaintiff child was only five months old when allegedly injured, his mother was 20. The record does not explain what the child was being treated for at the hospital, but presumably the mother was aware he had suffered some injury before 90 days had elapsed since the complaint alleges that the hospital's negligence caused, *inter alia,* quadriplegia. The burden of showing unconstitutional effect is on the plaintiffs, and they have failed even to explain why they were not able to serve the required notice of claim.

The order should be affirmed, without costs.

KOREMAN, P.J., GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur.

Order affirmed, without costs.