Irving ORNSTEIN, Plaintiff-Appellant,

v.

James F. REGAN, Chairman, Board of Education Retirement System of the City of New York, Board of Education Retirement System of the City of New York and Joseph Antoinette, Executive Secretary, Board of Education Retirement System of the City of New York, Defendants-Appellees.

No. 1066, Docket 79–7165.

United States Court of Appeals, Second Circuit.

Argued May 14, 1979.

Decided Aug. 23, 1979.

Helene M. Freeman, New York City (Gordon & Shechtman, P. C., and Sam Resnicoff, New York City, on the brief), for plaintiff-appellant.

L. Kevin Sheridan, Asst. Corp. Counsel, New York City (Allen G. Schwartz, Corp. Counsel, New York City, on the brief), for defendants-appellees.

Before OAKES and VAN GRAAFEI-LAND, Circuit Judges and CARTER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

On February 17, 1969, appellant, who was employed by the Board of Education of the City of New York as a machinist's helper, allegedly slipped on the ice while proceeding from one school to another and sustained permanently disabling injuries. On June 23, 1972, he applied to the Board of Education Retirement System for retirement based on permanent disability. Because Rule 17 of the Rules and Regulations of the Retirement System requires that such an application be filed within two years of the happening of the accident, his application was rejected.

Appellant then sought relief in the New York courts, arguing that, despite the clear language of Rule 17, the two-year filing period did not begin to run until he discovered that his disability was permanent.[1] The trial court found no merit in this argument, and its dismissal of appellant's complaint was affirmed without opinion by the Appellate Division, Second Department. See *Matter of Ornstein v. Board of Education Retirement System*, 46 A.D.2d 738, 361 N.Y.S.2d 329 (1974).[2]

On July 24, 1975, appellant commenced this action in the United States District Court for the Eastern District of New York, alleging that the two-year filing period deprived him of due process and equal protection of the laws. On May 24, 1977, the district court granted appellees' motion for summary judgment on the ground that appellant had unsuccessfully litigated his constitutional claims in the State court and that court's adverse decision was res judicata. On appeal, this Court reversed, holding that appellant had not asserted a State court claim for constitutional relief. See *Ornstein v. Regan*, 574 F.2d 115 (2d Cir.

1978). Following remand, the district court considered and rejected appellant's constitutional arguments. We now affirm.

Appellant's first due process argument is based upon appellees' alleged failure to provide him with adequate notice of the two-year filing requirement. He premises this argument upon provisions contained in the New York constitution and Executive Law. Article 4, section 8 of the constitution provides that no rule or regulation of any state department, board, bureau, officer, authority, or commission, unrelated to the organization or management of the enacting agency, shall be valid until filed with the Department of State. A similar provision is contained in section 102 of the Executive Law. Appellant contends that the Board of Education of the City of New York is a state agency and that therefore appellee Board's Rules and Regulations did not become effective because they were not filed. He argues further that the application of the assertedly ineffective Rule 17 is so arbitrary as to constitute a prima facie violation of his right to due process.

██ This argument misconstrues New York's constitutional and statutory filing requirements. Assuming for the argument that appellee Board is a state agency, its Rules and Regulations were enacted "for the government, management and control of the retirement" of the Board's employees, New York Education Law, section 2575 1(a), and are exempted from the filing requirements of Article 4, section 8 and section 102. The only rules and regulations that must be filed are those which govern the conduct of and impose burdens upon the general public. *People v. Fogerty*, 18 N.Y.2d 664, 666, 273 N.Y.S.2d 343, 219 N.E.2d 801 (1966); *Matter of Schuyler v. State University*, 31 A.D.2d 273, 275–76, 297 N.Y.S.2d 368 (1969). If the validity of appellee's Rules and Regulations depended

---

* Hon. Robert L. Carter, United States District Judge, sitting by designation.

1. Appellant contends that, prior to 1972, his doctors did not consider his condition to be permanently disabling.

2. Leave to appeal to the New York Court of Appeals was denied by the Appellate Division on December 4, 1974, and by the Court of Appeals on February 12, 1975.

upon their being filed with the Department of State, appellant's attack could not be logically limited to Rule 17 but would have to be directed against the entire retirement plan. The answer to appellant's argument is that appellee's Rules and Regulations do not govern the conduct of or impose burdens on the general public and none of them must be filed with the Department of State.

■ The district court held that, because copies of appellee's Rules and Regulations have always been available at appellee's office at 65 Court Street, Brooklyn, appellant has no valid due process claim based upon lack of notice. We find no error here.

■ In his second due process argument, appellant analogizes the two-year filing requirement of Rule 17 to a statute of limitations, which, he says, barred his right to an accident disability pension before he knew that the right existed. This analogy does not recognize the distinction between a statutory time condition and a statute of limitations. It would be more accurate, perhaps, to describe appellee's filing requirement as a condition precedent to the creation of the right. *See Osbourne v. United States,* 164 F.2d 767, 768 (2d Cir. 1947); *Pollen v. Ford Instrument Co.,* 108 F.2d 762, 763 (2d Cir. 1940). However, we see no need to reach that question. Regardless of whether Rule 17 creates a limitation or a condition precedent, so long as the prescribed time period is reasonable with respect to the Retirement System membership as a class, it does not become unconstitutional because it operates harshly in appellant's exceptional case. *Lamb v. Powder River Livestock Co.,* 132 F. 434, 442 (8th Cir. 1904); *Hargraves v. Brackett Stripping Machine Co.,* 317 F.Supp. 676, 681–84 (E.D.Tenn.1970).

Limitation periods are designed to eliminate stale claims. *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 349, 64 S.Ct. 582, 88 L.Ed. 788 (1944); *Brown v. Board of Trustees,* 303 N.Y. 484, 490, 104 N.E.2d 866 (1952). "They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable [sic] and unavoidable delay." *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945). They sometimes expire before a claimant has sustained any injury, *see, e. g., Dincher v. Marlin Firearms Co.,* 198 F.2d 821, 822–23 (2d Cir. 1952); *Smith v. Allen-Bradley Co.,* 371 F.Supp. 698, 701 (W.D.Va.1974); *Hargraves v. Brackett Stripping Machine Co., supra,* 317 F.Supp. at 680, or before he knows that he has sustained an injury, *Clark v. Gulesian,* 429 F.2d 405, 406 (1st Cir. 1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 461, 27 L.Ed.2d 441 (1971). If the injured party is an infant, his right to make a claim may terminate before he reaches his majority and can exercise it. *See Murray v. City of Milford,* 380 F.2d 468 (2d Cir. 1967); *Pittman v. United States,* 341 F.2d 739 (9th Cir.), *cert. denied,* 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965); *Brown v. Board of Trustees, supra,* 303 N.Y. 484, 104 N.E.2d 866. If the limitation period is otherwise reasonable, a claimant is not thus deprived of his right to due process. *Clark v. Gulesian, supra,* 429 F.2d at 406; *Pittman v. United States, supra,* 341 F.2d at 741; *Smith v. Allen-Bradley Co., supra,* 371 F.Supp. at 701; *Hargraves v. Brackett Stripping Machine Co., supra,* 317 F.Supp. at 683. The legislative body which enacts the limiting legislation may avoid unfair results by incorporating appropriate tolling provisions. Its failure to do so does not make the limitation unconstitutional. *Murray v. City of Milford, supra,* 380 F.2d at 473.

Here, appellee Board was justifiably concerned about the financial stability of its retirement program and the difficulties that would be encountered in investigating stale claims. It therefore followed the New York Court of Appeals' admonition that "[t]he only safe and sure way to proceed with and maintain the retirement system is to follow the law which brought it into being" and which has prescribed its limitations. *Matter of Creveling v. Teachers' Retirement Board,* 255 N.Y. 364, 373, 174 N.E. 754 (1931). In so doing, it did not violate appellant's due process rights.

Appellant also advances two separate equal protection arguments. He points out that the New York State Employees' Retirement System has less rigid filing requirements than does the Board of Education Retirement System of the City of New York and argues from this that all persons similarly circumstanced are not treated alike. We know of no constitutional requirement that retirement systems having disparate membership and organized under different statutes be operated under the same set of rules.

Appellee's Rule 17 is not unique. The New York City Employees' Retirement System has the same two year filing requirement, and it is applied in the same manner. *See Harvey v. Van Houten*, 46 A.D.2d 738, 361 N.Y.S.2d 868 (1974); *Neary v. Wagner*, 155 N.Y.S.2d 259, 262 (Sup.Ct.1956). The New York State Employees' Retirement System has other inflexible filing requirements. For example, in order to qualify for accidental disability retirement, a member of that System must be under sixty years of age. In *Baust v. Levitt*, 80 Misc.2d 944, 364 N.Y.S.2d 375, *aff'd.*, 50 A.D.2d 627, 374 N.Y. S.2d 747 (1975), *leave to appeal denied*, 38 N.Y.2d 708, 382 N.Y.S.2d 1027, 345 N.E.2d 604 (1976), the petitioner was injured at age fifty-nine but did not realize he was permanently disabled until the following year. His claim, like appellant's in the instant case, was denied because it was untimely filed.

Appellant's final contention is that he was denied equal protection because Rule 17 affected him differently than it did those employees who had immediate knowledge of the permanency of their disability and were able to file their claims within the two-year period. This argument might have merit if the reason for the difference were wholly irrelevant to the objective of the Rule, *McGowan v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), so unrelated to the Rule's legitimate purposes as to make its provisions irrational. *Vance v. Bradley*, 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). There can be no question, however, that the Board has a strong and legitimate interest in being able to investigate claims before they become stale. It can insure its ability to do this by insisting that every claim be filed within two years of the accident giving rise to the claim. Rule 17, which applies in the same manner to all members of the Retirement System, does not deny appellant equal protection. *See Clark v. Gulesian, supra*, 429 F.2d at 406; *Brown v. Board of Trustees, supra*, 303 N.Y. at 488–90, 104 N.E.2d 866.

The judgment appealed from is affirmed.